NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Merrimack
No. 2013-230


TAMARA DUKETTE

v.

DANIEL BRAZAS

Argued: February 26, 2014
Opinion Issued: May 8, 2014


Upton & Hatfield, LLP, of Concord (Michael S. McGrath on the brief and orally), for the plaintiff.


Primmer Piper Eggleston & Cramer PC, of Manchester (Gary M. Burt on the brief and orally), for the defendant.


DALIANIS, C.J. Following a two-day trial in Superior Court (Smukler, J.), the jury determined that the defendant, Daniel Brazas, was not legally at fault for the injuries sustained by the plaintiff, Tamara Dukette, when she slipped and fell on ice at her apartment, which was owned by the defendant. The plaintiff appeals, arguing that the trial court erred in preventing counsel from addressing and examining the jury panel during attorney-conducted voir dire. We affirm.

The facts are not in dispute. On February 19, 2013, following the final pretrial conference in this matter, the trial court issued a written order requiring "[i]ndividual voir dire questions to be submitted ex parte to [the] court." In addition, although it was not memorialized in the order, the trial court stated that if any juror wished to respond to a question asked by counsel, the juror would have to approach the bench and answer the question, presumably before the judge and counsel, but otherwise out of the hearing of the remainder of the seated panel.

The plaintiff filed a motion for reconsideration, asking the trial court to reconsider: (1) its requirement that counsel submit written questions to the court prior to attorney-conducted voir dire; and (2) its ruling prohibiting counsel from questioning the jury as a group so that all of the jurors could hear both the questions and the answers. Prior to the trial court ruling upon the motion for reconsideration, with the date for drawing a jury only a few days away, the plaintiff filed an emergency petition for original jurisdiction with this court, raising the same two issues that had been included in her motion for reconsideration. We granted the petition in part and vacated the trial court's order insofar as it required prior submission of voir dire questions by counsel. See RSA 500-A:12-a, IV (2010) ("The trial judge shall permit counsel to conduct voir dire examination without requiring prior submission of the questions unless a particular counsel engages in improper questioning."). In all other respects, we denied the petition without prejudice to the rights of either party to raise the remaining issue in an appeal from a final judgment in the case. The trial court ultimately denied the motion for reconsideration.

On March 4, 2013, jury selection took place. After the trial court asked general voir dire questions, it stated that attorney-conducted voir dire would take place at the bench. Plaintiff's counsel, however, waived asking any questions of the prospective jurors. Additionally, the parties agree that counsel was never afforded an opportunity to address the panel as a whole.

The plaintiff first argues that the trial court erred in conducting voir dire in such a manner as to prevent jurors from hearing other jurors' answers to voir dire questions, as the voir dire statute requires. See RSA 500-A:12-a, III (2010). The defendant responds that the plaintiff's interpretation of the statute is at odds with its structure.

Attorney-conducted voir dire is governed by RSA 500-A:12-a (2010), and, accordingly, this appeal requires us to interpret that statute. The interpretation of a statute is a question of law that we review de novo. State v. Dor, 165 N.H. 198, 200 (2013). We are the final arbiters of the legislature's intent as expressed in the words of the statute considered as a whole. Id. When interpreting a statute, we first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary

2

meaning.  Id.  "When statutory language is clear, its meaning is not subject to modification."  Appeal of Northern New England Tele. Operations, LLC, 165 N.H. 267, 272 (2013).

Pursuant to RSA 500-A:12-a, III, after the trial court has completed its examination of the prospective jurors, "counsel for each party shall have the right to examine, by oral and direct questioning, any of the prospective jurors in order to enable counsel to intelligently exercise both peremptory challenges and challenges for cause."  Although the plaintiff asserts that this provision "reiterates that the legislature intended counsel to examine the jury panel as a group," the plain meaning of the provision refutes her assertion.  This provision affords counsel the right to examine "any of the prospective jurors."  RSA 500-A:12-a, III.  "Any" is defined as "one indifferently out of more than two : one or some indiscriminately of whatever kind."  Webster's Third New International Dictionary 97 (unabridged ed. 2002).  It does not, in any context, mean "all," or, as here, the entire panel.  Consequently, the procedure employed by the trial court did not violate the statute.

We note, however, that pursuant to RSA 500-A:12-a, IV, the trial court retains the discretion to prescribe "[t]he scope of the examination conducted by counsel," as well as "the form and subject matter of voir dire questions," based upon "any unique or complex elements, legal or factual, in the case."  Accordingly, although questioning of the panel as a whole is not required, it is likewise not prohibited, and, in certain instances, it may be the more prudent course.

The plaintiff contends that the trial court's procedure "deprived [her] of both constitutional protections and the ability to meaningfully prepare her case."  The trial court, however, was never afforded the opportunity to consider these arguments.  "[P]arties [generally] may not have judicial review of matters not raised in the forum of trial."  Thompson v. D'Errico, 163 N.H. 20, 22 (2011).  It is the plaintiff's burden, as the appealing party, to demonstrate that she specifically raised the arguments articulated in her brief before the trial court.  Id.  To satisfy this preservation requirement, issues which could not have been presented to the trial court prior to its decision must be presented to it in a motion for reconsideration.  N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002).  Because the plaintiff failed to do so, we need not address these issues.

The plaintiff also argues that the trial court erred in preventing counsel from addressing the jury panel prior to individual questioning.  Again, we conclude that the plaintiff failed to properly preserve this issue for our review.

The plaintiff asserts that this issue was raised in her motion to reconsider.  We disagree.  The plaintiff's motion to reconsider is devoid of any

reference to a ruling by the trial court precluding her from addressing the jury panel. Indeed, she concedes in her brief that she "did not learn of the change in the trial court's procedure [from that described at the final pre-trial conference] until the jury was drawn." Accordingly, she could not have included it in her motion for reconsideration, which was filed prior to the jury draw. Nor did she object when she learned of the change or file a motion to reconsider after the trial court established the new voir dire procedure. Consequently, because the record does not support the assertion that this issue was raised in the trial court, we decline to address it. See State v. Noucas, 165 N.H. 146, 152 (2013); Butland, 147 N.H. at 679.

Although the plaintiff has not provided us with a record of the jury voir dire, the defendant does not contest her assertion that she was not permitted to address the jury panel, stating in his brief that the trial court "essentially short-circuited the process . . . by eliminating the panel presentation." See RSA 500-A:12-a, II ("Counsel for each party shall be allowed a reasonable amount of time to address the panel of prospective jurors for the purpose of explaining such party's claims, defenses, and concerns in sufficient detail to prompt jury reflection, probing, and subsequent disclosure of information, opinion, bias, or prejudices which might prevent a juror from attaining the requisite degree of neutrality required."); McCarthy v. Wheeler, 152 N.H. 643, 645 (2005) ("The use of the word 'shall' is generally regarded as a command . . . [and] is significant as indicating the intent that the statute is mandatory."). Accordingly, we take this opportunity to remind trial judges to comply with the requirements established by the legislature when conducting jury voir dire.

Affirmed.

LYNN and BASSETT, JJ., concurred; CONBOY, J., concurred specially.


CONBOY, J., concurring specially. In interpreting RSA 500-A:12-a (2010), we have stated that the statute does not preclude the trial court from allowing counsel to question the jury panel as a whole. I write separately to express my belief that doing so is, as a practical matter, the most effective way to achieve the legislature's purpose of assuring juror neutrality. The legislature has made clear that, prior to questioning jurors, counsel "shall be allowed a reasonable amount of time to address the panel . . . for the purpose of explaining such party's claims, defenses, and concerns in sufficient detail to prompt jury reflection, probing, and subsequent disclosure of information, opinion, bias, or prejudices." RSA 500-A:12, II (emphasis added). In my opinion, the effectiveness of subsequent questioning of the jury panel as a whole – open voir dire – simply cannot be duplicated by individual voir dire at the bench. Further, given the time constraints that generally characterize jury

4

selection, it is unlikely that counsel would be able to explore with each juror, privately at the bench, the questions that would otherwise be asked of the entire panel.  In my judgment, open <u>voir</u> <u>dire</u> better accomplishes the legislature's stated purpose of allowing counsel "liberal and probing examination calculated to discover bias or prejudice with regard to the circumstances of the particular case."  RSA 500-A:12-a, III.