NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

9th Circuit Court-Nashua Family Division
No. 2016-0243


IN THE MATTER OF NICHOLAS KELLY AND ASTRID FERNANDES-PRABHU

Argued: March 1, 2017
Opinion Issued: May 26, 2017


Hamblett & Kerrigan, P.A., of Nashua (Andrew J. Piela on the brief and orally), for the petitioner.


Law Office of Peggy L. Small, of Nashua (Daniel R. Krislov on the brief and orally), for the respondent.


LYNN, J. The respondent, Astrid Fernandes-Prabhu (mother), appeals an order of the Circuit Court (DalPra, M., approved by Introcaso, J.) granting a motion by the petitioner, Nicholas Kelly (father), to modify the parties' parenting plan. On appeal, the respondent argues that the trial court erred by modifying the parties' parenting plan without statutory authority to do so. We reverse in part, vacate in part, and remand.

I

The pertinent facts are as follows. The parties are the parents of a three-year-old son. In January 2015, the trial court issued a final parenting plan that awarded the respondent sole decision-making responsibility and primary

residential responsibility for the parties' son.  Under the parenting plan, the petitioner received parenting time each weekend from Saturday at 10:00 a.m. to Sunday at 6:00 p.m. and one evening parenting time every week from 4:00 p.m. to 7:00 p.m.  Shortly thereafter, the petitioner successfully petitioned the trial court to extend his weeknight parenting time to run from 4:00 p.m. to 8:00 a.m. the following morning.  That modification is not an issue in this appeal.

In September 2015, the petitioner moved for another modification of the final parenting plan, this time seeking, in relevant part: (1) at least 50% parenting time; and (2) at least joint decision-making responsibility.  The respondent objected and cross-moved for a different modification of the final parenting plan, seeking to increase her parenting time by adding overnight parenting time on alternating weekends.

Following a hearing, the trial court issued an order (September order) that included the following findings:

> The court finds that the terms of the current Plan do not work in the child's best interests because the parties refuse to allow them to do so.  Consequently, a modification of the Plan may be in order.  Unfortunately, at this time, the court is not in a position to make that modification.  It has insufficient reliable evidence to do so.  The assistance of a guardian ad litem is necessary in order to assist the court in determining a parenting schedule that is in the child's best interests.

After a further hearing, the trial court issued an order in March 2016 (March order) modifying the parenting plan by awarding the petitioner joint decision-making responsibility and expanding his routine parenting time to "a nearly equal schedule of parenting time."  In its order, the trial court stated that its authority to modify the parenting plan arose because "the parties have agreed that the current Parenting Plan is not working, but are unable to come up with one on their own."

The respondent timely moved for reconsideration, arguing that, under RSA 461-A:11 (Supp. 2016), the trial court did not have the authority to modify the parenting plan.  The trial court denied the motion without issuing a narrative order.  This appeal followed.

## II

The respondent initially argues that the trial court did not have statutory authority to modify the parenting schedule within the parenting plan.  The petitioner, however, contends that the respondent waived her right to challenge the standard for modification employed by the trial court because her motion to

reconsider was not filed until after the March order was issued. The petitioner argues that if the respondent believed the trial court's September order did not employ the correct statutory standard for modifying a parenting plan, "she should have immediately objected and/or filed a motion to reconsider." Therefore, before considering the merits of the respondent's argument, we must first determine whether this issue is properly preserved for our review.

"It is a long-standing rule that parties may not have judicial review of matters not raised in the forum of trial." Thorndike v. Thorndike, 154 N.H. 443, 447 (2006) (quotation omitted). "The rationale behind the rule is that trial forums should have an opportunity to rule on issues and to correct errors before they are presented to the appellate court." Mortgage Specialists v. Davey, 153 N.H. 764, 786 (2006) (quotation and brackets omitted). "Accordingly, we have held that where an issue is raised for the first time in a motion for reconsideration and failure to raise the issue earlier did not deprive the trial court of a full opportunity to correct its error, the issue has been preserved for our review." Id.; see also Fam. Div. R. 1.26(F) (providing that to "preserve issues for an appeal to the Supreme Court, an appellant must have given the [trial court] the opportunity to consider such issues"). The appealing party bears the burden of demonstrating that it "specifically raised the arguments articulated in [its appellate] brief before the trial court." Dukette v. Brazas, 166 N.H. 252, 255 (2014).

Here, the respondent first raised the argument that the trial court did not have statutory authority to modify the parenting schedule in her motion for reconsideration of the trial court's March order. Because she raised the issue in a motion for reconsideration, it is preserved for our review unless her failure to raise the issue earlier deprived the trial court of a full opportunity to correct its error. See Mortgage Specialists, 153 N.H. at 786. Based upon our review of the record, we conclude that the respondent's failure to raise this issue prior to the March order did not deprive the trial court of an opportunity to correct the alleged error because the trial court did not modify the parenting plan until it issued that order. In its earlier September order, the trial court stated that, "a modification of the Plan may be in order," but "at this time, the court is not in a position to make that modification [because it] has insufficient reliable evidence to do so." (Emphasis added.) Because both parties had moved for a modification of the parenting plan, and because the September order merely appointed a guardian ad litem (GAL) to conduct an investigation, there was, at that time, no concrete harm to the respondent's interests and she therefore cannot be faulted for failing to challenge the trial court's authority to take some unspecified potential action in the future. When the trial court did modify the parenting plan in its March order, the respondent filed a timely motion to reconsider, pointing out the trial court's purported error and thereby giving the trial court an opportunity to correct it. Because the trial court had the opportunity to correct its error, we conclude that the respondent's argument is adequately preserved for our review. See Fam. Div. R. 1.26(F).

We now turn to the merits of the respondent's argument. The respondent asserts that the trial court had no authority to modify the parenting plan because the petitioner did not satisfy a predicate circumstance for modification, as required by RSA 461-A:11, I. The petitioner responds that the court was empowered to modify the parenting plan pursuant to RSA 461-A:11, I(a), which permits the trial court to modify a parenting schedule when the parties "agree to a modification." See RSA 461-A:11, I(a).

Normally, "[w]e will not overturn a trial court's modification of an order regarding parenting rights and responsibilities unless it clearly appears that the [trial] court unsustainably exercised its discretion." In the Matter of Muchmore & Jaycox, 159 N.H. 470, 472 (2009). "[W]e review only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made," and "we will not disturb the trial court's determination if it could reasonably be made." In the Matter of Choy & Choy, 154 N.H. 707, 713 (2007) (quotations omitted). However, to the extent that resolution of the modification issue requires us to engage in statutory interpretation, our review is de novo. See In the Matter of Hampers & Hampers, 166 N.H. 422, 433 (2014). "We are the final arbiter of the legislature's intent as expressed in the words of the statute considered as a whole." Id. "We interpret legislative intent from the statute as written, and we will not consider what the legislature might have said or add words that the legislature did not include." Id. Moreover, "[w]e interpret statutes in the context of the overall statutory scheme and not in isolation." Id.

RSA 461-A:11, I, grants a court authority to modify a permanent order concerning parental rights and responsibilities if it finds one of the specified predicate circumstances. See RSA 461-A:11, I; see also Muchmore, 159 N.H. at 473. In its March order, the trial court stated that it was empowered to modify the parenting plan because "the parties have agreed that the current [plan] is not working" and "are unable to come up with one on their own." However, the trial court did not specifically identify which subsection of RSA 461-A:11, I, authorized it to modify the parenting plan. Based on its reference to the parties "agreement" that the plan "was not working," it appears the trial court believed it had authority to modify the plan pursuant to RSA 461-A:11, I(a).

RSA 461-A:11, I(a) provides that a court may issue an order modifying a permanent order concerning parental rights and responsibilities if "[t]he parties agree to a modification." RSA 461-A:11, I(a). The respondent argues the trial court was not empowered to modify the parenting plan pursuant to RSA 461-A:11, I(a) because the parties did not agree to specific modification terms. The petitioner argues that because the statute uses the word "a" in the phrase "agree to a modification," parties need only agree that they both want the plan

modified, regardless of whether they agree or disagree on specific terms. Following the petitioner's reasoning, a court may modify a parenting plan even if the parties are in complete disagreement as to what the modification terms should be. Based on his interpretation of the statute, the petitioner argues that RSA 461-A:11, I(a) empowered the trial court to modify the parenting plan because both parents requested a modification of the parenting plan, thereby demonstrating that they "agreed" the plan was not working.

We reject the petitioner's proposed construction of RSA 461-A:11, I(a). A disagreement by parties about the modification terms does not constitute an agreement under RSA 461-A:11, I(a) merely because both parties think the current order should be changed. The plain meaning of "agree" is "to concur in (as an opinion)." Webster's Third New International Dictionary 43 (unabridged ed. 2002). Two separate requests to modify the parenting plan in different ways do not constitute an agreement as the word is plainly understood, and this cannot be what the legislature had in mind when it drafted RSA 461-A:11, I(a).

Here, the petitioner requested a minimum of 50% residential responsibility time with the child. The respondent, on the other hand, requested that the parenting schedule be altered to provide her with residential time with the child over alternating weekends. Each of these requests sought an increase in parenting time that would come at the expense of the other parent's parenting time. Thus, the parties' requests were in conflict with each other — not in agreement — regarding how parenting time should be shared between them.

We also observe that construing RSA 461-A:11, I(a) in the manner advocated by the petitioner would essentially render RSA 461-A:11, I(d) superfluous. The latter section of the statute allows a court to modify an existing parenting plan if "either each [parent] asserts or the court finds that the original allocation of parental rights and responsibilities is not working," provided that two other conditions are also satisfied: first, that "the parties have substantially equal periods of residential responsibility for the child" under the existing order; and second, that the court finds that the modification "is in the best interests of the child." RSA 461-A:11, I(d). If RSA 461-A:11, I(a) were interpreted to cover a situation in which the only point on which the parties agreed was that the current plan is not working, this section of the statute would then permit a modification of any parenting plan under that circumstance, regardless of whether the plan allocates residential responsibilities substantially equally between the parties and regardless of whether the change is in the best interests of the child. In short, if RSA 461-A:11, I(a) means what the petitioner argues it means, this section of the statute would capture virtually all of the circumstances under which a modification could be obtained under RSA 461-A:11, I(d), thus making the latter section wholly unnecessary. We refuse to construe RSA 461-A:11, I(a) to produce this

result.  See In re Guardianship of Williams, 159 N.H. 318, 323 (2009) ("The legislature is not presumed to waste words or enact redundant provisions and whenever possible, every word of a statute should be given effect.  We also presume that the legislature does not enact unnecessary and duplicative provisions. . . ." (brackets omitted)).

Therefore, based on the framework of the entire statute considered as a whole, we hold that RSA 461-A:11, I(a) permits a court to modify a parenting plan only when the parties agree to specific modification terms.  Because the parties here disagreed about specific modification terms, they did not "agree to a modification," and the trial court did not have authority to modify the parenting plan pursuant to RSA 461-A:11, I(a).

The petitioner next argues that even if the trial court did not have authority to modify the parenting plan pursuant to RSA 461-A:11, I(a), we can uphold the modification on alternate grounds because the trial court had authority to modify the parenting plan pursuant to RSA 461-A:11, I(c).  RSA 461-A:11, I(c) provides that a trial court may modify a parenting plan if it finds "by clear and convincing evidence that the child's present environment is detrimental to the child's physical, mental, or emotional health, and the advantage to the child of modifying the order outweighs the harm likely to be caused by a change in environment."  RSA 461-A:11, I(c); see also Muchmore, 159 N.H. at 473.  The petitioner asserts that the trial court had authority to modify the parenting plan because the trial court's September order, coupled with the parties' two prior court appearances since the original parenting plan was established in January 2015, provides clear and convincing evidence that the child's present environment was detrimental to him.  We disagree.

Although the trial court stated in its September order that the parties "are perilously close to ensuring that they will raise a depressed, anxious and neurotic child," and that "[i]t is clear that neither party respects one another as parents," the trial court did not make specific findings as to how modification of the parenting plan would outweigh the detriment to the child of making such change.  Cf. Choy, 154 N.H. at 714 (noting the specific findings that supported the trial court's decision to modify the parenting plan based on the best interests of the child).  Although the GAL's report stated that modification of the parenting schedule "might alleviate some of the tension between the parties," tension between parents does not alone establish clear and convincing proof of a detrimental environment for the child.

The petitioner nonetheless urges us to conclude that in issuing its March order, the trial court implicitly made the findings by clear and convincing evidence necessary to justify the modification.  We decline this invitation.  Absent from the trial court's March order is any discussion, analysis, or even reference to RSA 461-A:11, I(c), or any discussion demonstrating that the trial court found an environment detrimental to the child under the enhanced

6

burden of proof that is necessary to support a modification under that provision of the statute.  Under these circumstances, to affirm the trial court's modification of the parenting plan would effectively require us to substitute our judgment for that of the trial court with respect to the weight of the evidence.  The weighing of evidence, however, is a matter strictly reserved for the trial court.  See In the Matter of Kurowski & Kurowski, 161 N.H. 578, 600 (2011) ("It is not our role to calculate how much weight the trial court should afford specific evidence, second guess its decision on matters of witness credibility, or substitute our judgment for that of the trial court on a discretionary ruling.").

Accordingly, because RSA 461-A:11, I(a) did not empower the trial court to modify the parenting plan, and because the record contains insufficient findings to permit us to determine whether the trial court properly modified the plan pursuant to RSA 461-A:11, I(c), we reverse the trial court's order to the extent that modification of the parenting schedule was ordered pursuant to RSA 461-A:11, I(a), vacate the order to the extent that modification of the parenting schedule was ordered pursuant to a different subparagraph of RSA 461-A:11, I, and remand for further proceedings consistent with this opinion.

IV

We next address whether the trial court erred by modifying the original parenting plan to award joint decision-making responsibility to the petitioner.  The respondent argues that the trial court unsustainably exercised its discretion when it found that modifying decision-making authority was in the child's best interest because the balance of the evidence clearly indicated otherwise.

RSA 461-A:11, II authorizes a court to modify decision-making authority within a parenting plan if such modification is in the "best interest of the child."  RSA 461-A:11, II; see also Muchmore, 159 N.H. at 472 ("We will not overturn a trial court's modification of an order regarding parenting rights and responsibilities unless it clearly appears that the [trial] court unsustainably exercised its discretion.").

In its March order, the trial court found that joint decision-making responsibility was in the best interests of the child.  Although the trial court did not discuss how it allocated the burden of proof and provided only general findings regarding its conclusion that modifying decision-making responsibility was in the child's best interest, we assume the trial court made all subsidiary findings necessary to support its decision.  See Smith v. Lillian V. Donahue Trust, 157 N.H. 502, 508 (2008).  Furthermore, evidence in the record supported the trial court's general findings that the petitioner has a "very good relationship" with the child and "in general, is a very good father."

7

Nevertheless, because the trial court did not provide a detailed explanation regarding why it decided that joint decision-making responsibility was in the child's best interest, we have no way of knowing whether the trial court's decision to increase the petitioner's parenting time factored into its decision to award petitioner joint decision-making responsibility. Consequently, we vacate the trial court's modification of decision-making responsibility. We note, however, that nothing in this opinion is intended to preclude the trial court from finding, upon remand, that joint decision-making responsibility is in the child's best interest, provided that such decision is not based upon an improper modification of parenting time.

The respondent raises a further issue regarding which party bears the burden of proof in a request to modify decision-making responsibility. Because the issue may arise upon remand, we address it briefly in the interest of judicial economy. See 412 S. Broadway Realty v. Wolters, 169 N.H. 304, 317 (2016). The respondent argues that the trial court misallocated the burden of proof when it did not require the petitioner to show that a change in decision-making responsibility was in the best interests of the child pursuant to RSA 461-A:11, II. See RSA 461-A:11, II (requiring a parent to show that a modification of decision-making responsibility in a permanent parenting plan is in the "best interest of the child"). The respondent argues that the party seeking a modification of decision-making responsibility has the burden of proof pursuant to RSA 461-A:11, III, which provides that "[f]or the purposes of this section, the burden of proof shall be on the moving party." RSA 461-A:11, III.

The petitioner contends that he did not bear the burden of proof under RSA 461-A:11, II because the second sentence of this statute provides that "RSA 461-A:5, III shall apply to any request to modify decision-making responsibility." RSA 461-A:11, II. The petitioner argues that we should interpret the cross reference to RSA 461-A:5, III in RSA 461-A:11, II to mean that the presumption that joint decision-making responsibility is in the best interest of the child, found in paragraphs I and II of RSA 461-A:5, applies to decision-making modification requests made pursuant to RSA 461-A:11, II, and therefore relieves him of the burden of proof placed upon the moving party by RSA 461-A:11, III. We are not persuaded.

Reading the statute as a whole, we conclude that the legislature intended the presumption of joint decision-making specified in RSA 461-A:5, I and II to apply only to initial or original decision-making orders, whereas requests for modification of such orders made pursuant to RSA 461-A:11 are subject to the burden of proof specified in RSA 461-A:11, III ("the burden of proof shall be on the moving party"). If RSA 461-A:5 applied to all orders (including modification orders) affecting decision-making responsibility, as the petitioner argues, there would have been no need to include the cross reference to RSA 461-A:5, III in the text of RSA 461-A:11, II. The inclusion of this cross reference makes sense

only if the legislature understood that RSA 461-A:5 does not generally apply to requests to modify decision-making orders.  See Garand v. Town of Exeter, 159 N.H. at 136, 141 (2009) ("The legislature is not presumed to waste words or enact redundant provisions and whenever possible, every word of a statute should be given effect.").  Therefore, pursuant to RSA 461-A:11, III, the moving party bears the burden of proof in requests to modify decision-making responsibility, and there is no presumption that joint decision-making responsibility is in the best interest of minor children in this context.

Reversed in part; vacated<br/>in part; and remanded.

   HICKS, CONBOY, and BASSETT, JJ., concurred.