**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**


**In Case No. 2017-0171, <u>Greater New Hampshire Properties, LLC v. Kelly Rousseau</u>, the court on February 16, 2018, issued the following order:**

Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). Accordingly, we vacate that portion of our May 12, 2017 order stating that the case would "be scheduled for oral argument before the full court." We affirm.

The defendant, Kelly Rousseau (tenant), appeals an order of the Circuit Court (<u>Carroll</u>, J.) granting the plaintiff, Greater New Hampshire Properties, LLC (landlord), a writ of possession for its non-restricted rental property. <u>See</u> RSA 540:2, I (2007). She contends that the trial court erred by: (1) ruling that she could not assert a retaliation defense because she owed more than one week's rent, <u>see</u> RSA 540:13-a (2007); and (2) conflating the evidentiary presumption that a possessory action was retaliatory under certain circumstances, <u>see</u> RSA 540:13-b (2007), with the substantive defense, <u>see</u> RSA 540:13-a. She further contends that RSA 540:13, III (2007) does not preclude a retaliation defense in a possessory action in which the landlord did not make a claim for unpaid rent.

We first address the tenant's argument that the trial court erred by ruling that she was not entitled to a retaliation defense under RSA 540:13-a because she owed more than one week's rent. RSA 540:13-a expressly provides that, "[e]xcept in cases in which the tenant owes the landlord the equivalent of one week's rent or more, it shall be a defense to any possessory action" that the action was in retaliation for certain actions of the tenant, including the tenant's "availing [her]self of the procedures of RSA 540:13-d." RSA 540:13-a, II.

RSA 540:13-d (2007), in turn, provides a defense to an eviction based upon non-payment of rent when the premises "are in substantial violation of the standards of fitness for health and safety," so long as the tenant satisfies certain requirements. RSA 540:13-d, I. The tenant argues that the prefatory requirement under RSA 540:13-a that she not be more than one week in arrears on her rent cannot apply when the basis for her retaliation claim is "availing [her]self of the procedures of RSA 540:13-d," RSA 540:13-a, II, because to read the prefatory language literally under these circumstances would effectively nullify any retaliation defense based upon following the procedures of RSA 540:13-d. The tenant acknowledges, however, that she did not raise this argument at trial, asserting that the trial court raised the prefatory requirement of RSA 540:13-a in its order <u>sua</u> <u>sponte</u> and that, because she was self-

represented in the trial court, she "was unable to recognize the court's clear legal error."

It is a long-standing rule that parties may not have judicial review of matters not raised in the forum of trial. In the Matter of Kelly & Fernandes-Prabhu, 170 N.H. 42, 46 (2017). The rationale behind the rule is that trial forums should have an opportunity to rule on issues and to correct errors before they are presented to the appellate court. Id. Thus, to satisfy this preservation requirement, any issues which could not have been presented to the trial court prior to its decision must be presented to it in a motion for reconsideration. Dist. Div. R. 3.11(E)(1); see N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002). These preservation rules are not relaxed for self-represented parties. See In the Matter of Birmingham & Birmingham, 154 N.H. 51, 56-57 (2006).

Here, although the tenant argued at trial that the possessory action was retaliatory, the record before us does not reflect that, after the court issued its order articulating its interpretation of RSA 540:13-a, she apprised it of its alleged errors in statutory construction. In consequence, the trial court did not have an opportunity to correct any errors that it might have made.

To the extent that the tenant requests that we address her argument as plain error, see Sup. Ct. R. 16-A, an error is "plain" only if it was or should have been obvious in the sense that the governing law was clearly settled to the contrary. State v. Pennock, 168 N.H. 294, 310 (2015). When the law is not clear at the time of trial and remains unsettled at the time of appeal, a decision by the trial court cannot be plain error. Id. Here, the correct interpretation of the requirement that the tenant not be more than one week in arrears on her rental obligation when the retaliation defense is based upon her availing herself of RSA 540:13-d is not a settled question. Accordingly, the trial court's error, if any, could not have been plain. See id.

Because the tenant's argument that the trial court erred by ruling that she was not entitled to a retaliation defense under RSA 540:13-a is neither preserved nor plain error, we need not address her remaining arguments.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,
Clerk**