# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0561, <u>In the Matter of Tanya Bourgeois and Michael Cook</u>, the court on July 3, 2018, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The respondent, Michael Cook (father), appeals an order of the Circuit Court (<u>Carbon</u>, J.) modifying a parenting plan allocating parental rights and responsibilities to him and the petitioner, Tanya Bourgeois (mother). The father contends that, by modifying his parenting time with the parties' child upon determining that she would attend school in the mother's town, the trial court: (1) unsustainably exercised its discretion; (2) failed to apply RSA 461-A:11 (Supp. 2017); and (3) violated his procedural due process rights under both the New Hampshire and Federal Constitutions.

The father invites us to review all his arguments for plain error, <u>see</u> <u>Sup. Ct. R.</u> 16-A, because he failed to raise them in the trial court. To disturb a trial court order for plain error: (1) there must be error; (2) the error must be plain; (3) the error must affect substantial rights; and (4) the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings. <u>In the Matter of Kurowski & Kurowski</u>, 161 N.H. 578, 591 (2011). We use this rule sparingly, limiting it to those circumstances in which a miscarriage of justice would otherwise result. <u>Id</u>.

In this case, the parties agreed to a parenting plan in 2013 that gave each parent approximately equal parenting time. It also provided that, before the child entered kindergarten, the parties would discuss her school placement and that, if they did not reside in the same school district, they would "consider placing [her] in the better school district with due consideration given to [her] relationship with . . . her [half-]brother," who was two grades ahead of her, lived with the mother, and attended school in the mother's town.

At the hearing, although the parties agreed that the issue was the child's school placement, they both submitted proposed parenting plans altering their relative parenting time as a result of the child's school attendance. The trial court determined that the child should attend school in the mother's town and awarded the father exactly the parenting time that he had proposed for the mother, were the child to have attended school in his district.

We first address whether the trial court plainly erred by unsustainably exercising its discretion. The father argues that the trial court erred by altering his parenting time. We will not overturn a trial court's modification of an order regarding parenting rights and responsibilities unless it clearly appears that the trial court unsustainably exercised its discretion. In the Matter of Kelly & Fernandes-Prabhu, 170 N.H. 42, 47 (2017). We review only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made and will not disturb the trial court's determination if it could reasonably be made. Id.

In this case, the father argues that the trial court stated that "the sole issue for decision was where the child would attend school . . . and counsel for both parties agreed." However, the trial court could have reasonably determined, as the father's proposed parenting plan demonstrates he also did, that the child's school attendance would necessarily encompass a change in the parties' parenting times.

The father argues that the trial court "declined to hear testimony related to a modification of the routine parenting schedule." The record reflects that the trial court limited the mother's testimony regarding her relationship with the father and her concerns about his parenting. However, it does not reflect that the court limited testimony regarding the impact of school placement on parenting time or that the father offered any such testimony.

At the end of the hearing, the trial court stated: "I have not reviewed your proposed parenting plans. And I haven't heard any testimony on those so I'm assuming you're just introducing them and I will work with them as I can depending upon which school [the child] will be enrolled in." The father's attorney agreed and merely requested the court to consider the quality of the high school in the father's district.

To the extent that the father argues that the trial court had no evidence to support its decision regarding changes in parenting time necessitated by the decision to place the child in one school or the other, we note that the court had each parent's proposed parenting plan. The parents' respective proposed parenting plans suggested similar alterations in parenting time; both gave the parent whose school the child did not attend alternate weekends with the child. The father's proposed plan also gave the mother one evening a week with the child. Although the mother proposed to give the father slightly less time, the trial court gave the father the same parenting time that he proposed for the mother, in the event that the child attended school in his district.

We conclude that the record establishes an objective basis sufficient to sustain the trial court's discretionary decision to modify the parties' parenting time. See Kelly, 170 N.H. at 47.

We next address whether the trial court plainly erred by failing to apply RSA 461-A:11. RSA 461-A:11, I(d) authorizes a trial court to modify the allocation of parenting time if the parents "have substantially equal periods of residential responsibility for the child," RSA 461-A, I(d), either a parent asserts or the court finds that the original allocation is not working, and modifying the order is in the child's best interests. In the Matter of Muchmore & Jaycox, 159 N.H. 470, 473 (2009).

In this case, the parents had substantially equal parenting times prior to the trial court's determination of the child's school placement. The proposed parenting plans implicitly reflect that equal parenting time would no longer be appropriate when the child began school. The trial court could have reasonably concluded that modifying the parties' parenting time was in the child's best interest, considering the demands of school and the distance between the parents' homes.

The father argues that the trial court did not cite RSA 461-A:11 "or provide any relevant analysis." However, we assume that the trial court made all subsidiary findings necessary to support its general ruling, including a finding that a parenting plan is in the child's best interest. In the Matter of Kosek & Kosek, 151 N.H. 722, 725 (2005).

The father argues that the mother could not have met her statutory burden under RSA 461-A:11, III, which places the burden on the party seeking to modify the parenting plan, "since she did not present any evidence or testimony related to modification." However, the parents cross-petitioned to modify the parenting plan. Furthermore, they each submitted proposed parenting plans altering parenting times as a result of the child's school placement. On this record, we conclude that the trial court's order was reasonable and within its statutory authority. See Kelly, 170 N.H. at 47.

Finally, we address whether the trial court violated the father's procedural due process rights. We first address the father's argument under the State Constitution and rely on federal law only to aid in our analysis. State v. Ball, 124 N.H. 226, 231-33 (1983). This court is the final arbiter of the due process requirements of the State Constitution. In the Matter of Stapleford & Stapleford, 156 N.H. 260, 264 (2007).

Procedural due process requires that parties whose rights are affected have an opportunity to be heard. Kosek, 151 N.H.at 728. The right to be heard in parental rights cases encompasses the right to call and cross-examine witnesses, to be informed of all adverse evidence, and to challenge such evidence. Id. In this case, the trial court held an evidentiary hearing at which the father testified and had the right to call witnesses, to present evidence, and to cross-examine witnesses.

3

The father argues that the trial court limited the hearing to the issue of school placement. However, the father's proposed parenting plan demonstrates that he understood that issue as encompassing a change in parenting time. The father states that that the trial court "made it clear that the routine schedule was not up for modification" and points to two occasions during the hearing when the trial court directed the mother to confine her testimony to the issue of school placement. However, on those occasions, the mother was not testifying regarding the impact of school placement on parenting time; rather, she was testifying regarding her relationship with the father and her concerns for the child while in his care.

The father argues that neither party was allowed to present arguments regarding the necessary change in parenting time. However, as discussed above, at the end of the hearing the trial court noted the lack of live testimony on this topic, and the father offered no further testimony or argument.

On this record, we conclude that the father's procedural due process rights were not violated. See id. The Federal Constitution offers the father no greater protection than does the State Constitution under these circumstances. See id.; Tower v. Leslie–Brown, 326 F.3d 290, 298 (1st Cir. 2003). Accordingly, we reach the same result under the Federal Constitution as we do under the State Constitution.

We conclude that the trial court committed no error, plain or otherwise. See In the Matter of Brownell & Brownell, 163 N.H. 593, 602 (2012) (no plain error when no error).

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**