# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0098, <u>In the Matter of Rodney Boughton and Erica Trueman</u>, the court on March 1, 2019, issued the following order:**

To the extent that the petitioner, in his brief, moves to: (1) strike the respondent's brief and dismiss the appeal; (2) treat the appeal as frivolous; (3) impose sanctions, including sanctions pursuant to RSA 490:14-a (2010); and (4) award him attorney's fees in connection with this appeal, those motions are denied, without prejudice to the petitioner's right to file a motion under Supreme Court Rule 23.

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm in part, reverse in part, vacate in part, and remand.

The respondent, Erica Trueman (mother), appeals, and the petitioner, Rodney Boughton (father), cross-appeals, an order of the Circuit Court (<u>Lemire</u>, J.) ruling on the father's petition for contempt and to modify the parties' parenting plan and on the mother's cross-petition for the same relief and a separate motion for contempt. The mother contends that the trial court erred by ordering the parties' child's surname to be changed from her maiden name to the father's surname. We construe the father's brief to contend that the trial court erred by: (1) finding him in contempt; (2) not finding the mother in contempt for cancelling the child's medical appointment; and (3) not modifying the parenting plan to award him sole decision-making authority and primary residential responsibility.

We first address whether the trial court erred by ordering the child's surname changed. We apply our discretionary standard of review. <u>In re Name Change of Goudreau</u>, 164 N.H. 335, 337 (2012). We consider only whether the record establishes an objective basis sufficient to sustain the trial court's discretionary judgment, and we will not disturb the trial court's determination if it could reasonably have been made. <u>Id</u>. at 338. We note that the mother agrees to placing the father's name on the child's birth certificate.

In this case, the trial court took judicial notice of its findings in the mother's divorce from the father of another of her children, noting that "[i]n that case, the Court found Mother unilaterally caused the child's name to be changed to her own maiden name without that father's agreement." <u>See</u> <u>Wellington v. Wellington</u>, 88 N.H. 482, 482 (1937) (stating trial court may take judicial notice of

its own records for any purpose for which those records may be material). In the case at hand, the trial court found that the mother "made the decision to name [the child] without the father's knowledge and input." However, the transcript does not reflect evidence supporting this finding. The father represented, in his pleading, that the mother named the child over his objection. Accordingly, we vacate the trial court's order changing the child's surname and remand for further proceedings on this issue. See Goudreau, 164 N.H. at 338. In light of this order, we need not address the father's arguments on this issue.

To the extent that the mother argues that the trial court was biased against her or acted upon the judge's "personal predeliction," we have reviewed the record in this case and cannot say either that a reasonable person would have questioned Judge Lemire's impartiality or that any factor that would have per se disqualified Judge Lemire was present. See State v. Bader, 148 N.H. 265, 268, 270 (2002). The mere fact that the trial court issued adverse decisions does not establish the trial court's bias. See id. at 270-71.

We next address whether the trial court erred in its contempt findings. We review the trial court's contempt order for an unsustainable exercise of discretion. In the Matter of Conner & Conner, 156 N.H. 250, 253 (2007). To prevail, the father must demonstrate that the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case. State v. Lambert, 147 N.H. 295, 296 (2001).

In this case, at the hearing, the mother's counsel represented that the parenting plan required the father to notify the mother of the child's medical appointments and to allow her to attend. The trial court responded, "I specifically crossed that out. I did not make that order." The parenting plan reflects this. Yet the trial court found the father in contempt because he made medical "appointments for [the child] and attended them without notifying [the mother] and/or inform[ed the mother] she could not attend" the appointments. It further found the mother not in contempt for cancelling a medical appointment that the father had made, reasoning that she had learned of the appointment only two days prior to it, although, pursuant to the parenting plan, she was not entitled to notice of the appointment. We conclude that these rulings were inconsistent with the parenting plan, which simply requires that both parents share in the responsibility for making major decisions about the child and gives the father final decision-making authority if they cannot agree. Accordingly, these rulings were unreasonable and prejudiced the father. See Conner, 156 N.H. at 253. We reverse these contempt rulings.

The trial court made several other contempt determinations, finding the parties variously in contempt or not in contempt on other grounds. It concluded that "[g]iven that a finding of contempt is made against each party which would warrant an award of reasonable attorney's fees . . . the Court considers it a 'wash'

and does not award any fees to either party." Because all the trial court's determinations regarding the parties' contempt appear inextricably linked, we vacate all of its other contempt rulings and remand for further proceedings consistent with this order.

Finally, we address whether the trial court erred by not modifying the parenting plan. We will not overturn a trial court's decision regarding the modification of a parenting plan unless the trial court clearly unsustainably exercised its discretion. In the Matter of Kelly & Fernandes-Prabhu, 170 N.H. 42, 47 (2017). The weight accorded to evidence is a matter strictly reserved for the trial court. Id. at 50. We review only whether the record establishes an objective basis sufficient to sustain the trial court's discretionary judgment. Id. at 47. We will not substitute our judgment for that of the trial court. Id. at 50.

RSA 461-A:11 (2018) governs the circumstances under which a parent may seek modification of an existing parenting plan. In the Matter of Muchmore & Jaycox, 159 N.H. 470, 473 (2009). If none of the predicate requirements of the statute are met, the court lacks authority to modify the plan. Id. In this case, the trial court found that the father failed to meet his burden to show that the statutory requirements were met.

The father points to numerous factual allegations that he contends compelled the trial court to modify the parenting plan. However, the fact that the trial court reasonably could have reached a different decision based upon the evidence before it does not mean that its decision constitutes an unsustainable exercise of discretion. In the Matter of Kurowski & Kurowski, 161 N.H. 578, 600-01 (2011). As the appealing party on this issue, the father has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's order, the father's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the father has not demonstrated reversible error in the trial court's decision not to modify the parenting plan, see id., and we affirm the trial court's order on that issue, see Kelly, 170 N.H. at 47.

In summary, we affirm the trial court's decision not to modify the parenting plan. We reverse the contempt findings that are inconsistent with the parenting plan and vacate its other contempt findings and decision to change the child's surname. We remand for further proceedings consistent with this order, including, but not limited to, an evidentiary hearing to determine whether changing the child's surname is in the child's best interest. See Goudreau, 164 N.H. at 140.

To the extent that the parties' briefs raise additional arguments, they are not sufficiently developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), or

otherwise do not warrant further discussion, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed in part; reversed in part; vacated in part; and remanded.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**