# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0445, In the Matter of Andrew Cullen and Jacqueline Cullen, the court on February 8, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. See Sup. Ct. R. 20(2). Andrew Cullen (father) and Jacqueline Furlone (mother), f/k/a Jacqueline Cullen, were divorced in 2019 and are the parents of one child. The mother sought to modify the parenting plan by adjusting the parenting schedule and by granting her sole decision-making responsibility. The father moved to prevent the child from receiving certain vaccines that conflict with his religious beliefs. The Circuit Court (Ryan, J.) granted the mother sole decision-making responsibility with respect to vaccines only but otherwise denied the mother's request as well as the father's motion. The father appealed and the mother cross-appealed. We affirm.

I

The following facts were found by the trial court or are supported by the record. The parties divorced by final decree in 2019. The parties have one child, who was three years old at the time of the divorce. Under the parenting plan, the parents had joint decision-making authority. The parents disagreed about vaccines for the child and were unable to resolve the dispute. In April 2022, the mother filed a motion to modify the parenting plan seeking, inter alia, a change to the parenting schedule and an order granting her sole decision-making responsibility. The father filed a motion objecting to the child receiving certain vaccines that conflict with his religious beliefs.

Following a hearing, the trial court issued a detailed order ruling on the parties' motions. First, the court found that the mother failed to "establish[ ] the existence of [a] necessary predicate circumstance" for modification of the parenting schedule. See RSA 461-A:11, I (2018). Regarding the mother's request for sole decision-making responsibility, the court considered the best interest factors under RSA 461-A:6 and denied the mother's request for sole decision-making responsibility generally. See RSA 461-A:6, I (Supp. 2022). However, the court found that "it is in [the child's] best interest to allow [the mother] to make the final decision with respect to vaccinations after consultation with [the child's] primary care physician." Consequently, the court denied the father's motion.

Both parties filed motions to reconsider.  The court "decline[d] to reconsider its Order with respect to medical decision-making regarding vaccines" as well as the parenting schedule.  This appeal and cross-appeal followed.

## II

When reviewing a trial court's decision on parenting rights and responsibilities, our role is limited to determining whether it clearly appears that the trial court engaged in an unsustainable exercise of discretion.  In the Matter of Kurowski & Kurowski, 161 N.H. 578, 585 (2011).  This standard means that we review only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made, and we will not disturb the trial court's determination if it could reasonably have been made.  In the Matter of Summers & Summers, 172 N.H. 474, 479 (2019).  The trial court's discretion necessarily extends to matters such as assigning weight to evidence and assessing the credibility and demeanor of witnesses.  Id.  Conflicts in the testimony, questions about the credibility of witnesses, and the weight assigned to testimony are matters for the trial court to resolve.  Id.  The trial court's factual findings are binding upon this court if they are supported by the evidence and are not legally erroneous.  Id.

Our standard of review is not whether we would rule differently than the trial court, but whether a reasonable person could have reached the same decision as the trial court based upon the same evidence.  Id.  We will not substitute our judgment for that of the trial court.  Id.

## III

We first address the father's appeal.  He argues that the trial court violated his religious rights in awarding the mother sole decision-making responsibility regarding vaccines.

The parents, who had joint decision-making responsibility, were at an impasse.  As we have previously observed, the legislature has established a procedure for courts to resolve disputes between parents regarding parental rights and responsibilities.  Kurowski, 161 N.H. at 589 (citing RSA 461-A:4, :6, :11).  Specifically, RSA 461-A:11, II authorizes a court to modify, inter alia, the section of a permanent parenting plan addressing decision-making responsibility "based on the best interest of the child."  RSA 461-A:11, II (2018); see Summers, 172 N.H at 483.  Because the parties were at an impasse, the trial court was confronted with awarding decision-making responsibility, applying the best interest standard.  See Summers, 172 N.H. at 483; cf. Kurowski, 161 N.H. at 589 ("Because the parties could not reach a joint decision and father sought resolution in court, the trial court was left to

2

decide the dispute, guided by the best interests standard set forth in RSA 461-A:6, I.").

On appeal, "[o]ur only role is to decide whether the trial court committed legal error or unsustainably exercised its discretion." Kurowski, 161 N.H. at 581. We are not called upon to decide the merits of the underlying disagreement between the parties with regard to certain vaccines. For example, in Kurowski, the parties were at an impasse over whether the child should attend public school or be home-schooled. Id. We observed, "[w]hile [this case] involves home schooling, it is not about the merits of home versus public schooling." Id. Similarly, this appeal is not about religion or childhood vaccination. Rather, our role is to determine, under the highly deferential standard of review set forth above, whether the trial court's conclusion that reallocation of decision-making responsibility was in the child's best interest was supported by the record and reasonable. See Summers, 172 N.H. at 479.

We have stated that "resolution of the best interests of a child depends to a large extent upon the firsthand assessment of the credibility of witnesses, and the findings of the trial court are binding upon this court if supported by the evidence." Kurowski, 161 N.H. at 585. Here, the trial court found that "it is in [the child's] best interest to allow [the mother] to make the final decision with respect to vaccinations after consultation with [the child's] primary care physician," "whose position on vaccinations is unknown to this Court." Based on our review of the record, we conclude that under these circumstances, the evidence provides an objective basis sufficient to sustain the trial court's finding. Because the father's remaining arguments were either not preserved or were not sufficiently developed for appellate review, we decline to address them. See State v. Blackmer, 149 N.H. 47, 49 (2003).

IV

We next turn to the mother's arguments in her cross-appeal. First, the mother argues that "the trial court applied the incorrect legal standard when ruling on the [mother's] petition for modification of a final parenting plan." (Capitalization and bolding omitted.) The mother invokes our plain error rule. See Sup. Ct. R. 16-A.

The plain error rule allows us to correct errors not raised in the trial court under certain limited circumstances. Kurowski, 161 N.H. at 591. We use this rule sparingly, limiting it to those circumstances in which a miscarriage of justice would otherwise result. Id. To find plain error: (1) there must be error; (2) the error must be plain; (3) the error must affect substantial rights; and (4) the error must seriously affect the fairness, integrity or public reputation of judicial proceedings. Id. Generally, to satisfy the burden of demonstrating that an error affected substantial rights under the third prong,

the party seeking appellate review must demonstrate that the error was prejudicial; that is, that it affected the outcome of the proceeding. Id.

RSA 461-A:5 provides that "except as provided in paragraph III, in the making of any order relative to decision-making responsibility, there shall be a presumption, affecting the burden of proof, that joint decision-making responsibility is in the best interest of minor children." RSA 461-A:5 (2018). We have previously determined that "pursuant to RSA 461-A:11, III, the moving party bears the burden of proof in requests to modify decision-making responsibility, and there is no presumption that joint decision-making responsibility is in the best interests of minor children in this context." In the Matter of Kelly & Fernandes-Prabhu, 170 N.H. 42, 52 (2017); see Summers, 172 N.H. at 483. Here, in the context of a request for modification of decision-making responsibility under RSA 461-A:11, III, the trial court "note[d] the statutory presumption that joint decision-making is in [the child's] best interest" and found that "[w]ith the exception of [the vaccine issue]," "this presumption has not yet been fully rebutted based upon the evidence presented." Therefore, the trial court erred by applying the statutory presumption of RSA 461-A:5 to a modification of decision-making responsibility under RSA 461-A:11, III, and such error was plain. See Kelly, 170 N.H. at 52.

We next consider the third prong of the plain error analysis. In determining whether awarding mother sole decision-making responsibility was in the best interest of the child, the trial court considered each factor described in RSA 461-A:6, I. The record supports the trial court's findings that both parties contributed to their communication issues and that despite these issues they have not lost all ability to communicate with each other to make decisions regarding their child. Notably, the trial court emphasized that the parties have not participated in court-ordered counseling, which the court reasoned "must occur before the Court intends to revisit the parties' inability to communicate." Given the trial court's careful analysis of the best interest factors, we can confidently state that the trial court would have reached the same conclusion in the absence of error. Cf. State v. Leroux, 175 N.H. 204, 209 (2022) ("We will find prejudice under the third prong when we cannot confidently state that the fact-finder would have returned the same verdict in the absence of the error."). Accordingly, we conclude that the mother has not established that the trial court committed plain error that affected the outcome of the proceeding. See Kurowski, 161 N.H. at 592.

Next, the mother contends that, "based upon the facts of this case," the trial court erred by failing to award her sole decision-making responsibility. Based on our review of the record, we conclude that the trial court sustainably exercised its discretion in determining that the mother failed to prove that awarding her sole decision-making responsibility for all issues is in the child's best interest. See RSA 461-A:11, III ("For the purposes of this section, the burden of proof shall be on the moving party."). To the extent the mother asks

4

this court, in effect, to re-weigh the evidence, we decline the invitation as re-weighing the evidence is not our role on appeal.  See Kurowski, 161 N.H. at 585.

The mother further argues that the trial court erred by not modifying the parenting schedule because (1) "the evidence presented at trial was more than sufficient" to meet "her burden of proof under RSA 461-A:11(I)(c)" and (2) under RSA 461-A:11, I(f) "the proposed changes were truly minimal and would be beneficial to [the child] and the parties."  We are unpersuaded.

RSA 461-A:11, I, grants a court authority to modify a permanent order concerning a change to the parenting schedule if it finds one of the predicate circumstances specified in the statute.  See Summers, 172 N.H. at 483.  One such circumstance is "[i]f the court finds by clear and convincing evidence that the child's present environment is detrimental to the child's physical, mental, or emotional health, and the advantage to the child of modifying the order outweighs the harm likely to be caused by a change in environment."  RSA 461-A:11, I(c).  Here, although the trial court "heard ample evidence that the communication between the parties is difficult," the court ultimately found that "[t]here was insufficient credible evidence presented from which the Court could find that either party met the burden of proving by clear and convincing evidence that [the child's] present environment is detrimental to [the child's] physical, mental, or emotional health."  (Emphasis and bolding omitted.)  Having reviewed the record, we conclude that it establishes an objective basis sufficient to sustain the trial court's finding.  See Summers, 172 N.H. at 479.

RSA 461-A:11, I(f) provides that the court may modify a permanent order if "[t]he modification makes either a minimal change or no change in the allocation of parenting time between the parents, and the court determines that such change would be in the best interests of the child."  Here, under the mother's proposed schedule, the father would gain an overnight visit with the child on the first weekend of their two-week schedule but lose an overnight visit on the second weekend, creating a six-day gap in the father's parenting time.  Observing that the current schedule does not create such a gap, the court reasoned that "[b]ecause of the increased number of days between [the father's] parenting time that would result from [the mother's] proposal, the Court cannot find the change to be 'minimal.'"  Based on our review of the record, we conclude that the mother has failed to show that the trial court

engaged in an unsustainable exercise of discretion in finding that RSA 461-A:11, I(f) had not been met.

Accordingly, we affirm the trial court's decision.

<u>Affirmed</u>.

MACDONALD, C.J., and BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**