Belknap,
No. 5524.

CARL N. RAUTENBERG & a.

*v.*

ALBERT MUNNIS & a.

Argued October 5, 1966.
Decided November 30, 1966.

*Wescott, Millham & Dyer* ( *Mr. Harold E. Wescott* orally ), for the plaintiffs.

*Upton, Sanders & Upton, Gilbert Upton* and *Ernest T. Smith III* ( *Mr. Smith* orally ), for the defendants.

KENISON, C. J. Motion to remand an appeal by the plaintiffs from a decree of the Superior Court ( *Grant,* J. ) in a petition to remove cloud from title and determine a boundary line. After the appeal was docketed in the Supreme Court and the parties had filed their briefs, the plaintiffs filed a motion in the Superior Court for a new trial on the basis of newly discovered evidence. The plaintiffs also requested that the appeal in this court be continued pending a hearing and a ruling by the Superior Court on their motion for a new trial. This request was treated as a motion and the parties submitted oral arguments thereon.

The defendants opposed any continuance in this court and contend that the Trial Court has no jurisdiction to act on the motion while the appeal is pending here. Annot. 139 A.L.R. 340. As a general rule the perfection of an appeal divests the Trial Court of jurisdiction of the cause and transfers it to the appellate court.

"An appeal to this Court from a *nisi prius* court does not necessarily stay all further proceedings in the trial court, nor does it strip said court of all power over the proceeding in which the appeal has been taken. The trial court may act with reference to matters not relating to the subject matter of, or affecting, the proceedings; make such orders and decrees as may be necessary for the protection and preservation of the subject matter of the appeal; and it may do anything that may be necessary for the presentation of the case in this Court, or in furtherance of the appeal. But, when an appeal is taken, it does affect the operation or execution of the order, judgment or decree from which the appeal is taken, and any matters embraced therein. After the appeal has been perfected, this Court is vested with the exclusive power and jurisdiction over the subject matter of the proceedings, and the authority and control of the lower court with reference thereto are suspended. " *Bullock* v. *Director,* 231 Md. 629, 633.

The general rule stated above does not prohibit the Trial Court from passing on collateral, subsidiary or independent matters affecting the case (*New Castle* v. *Rand*, 101 N. H. 201 ) and the Trial Court has adequate authority and jurisdiction to preserve the status quo. *Exeter Realty Co.* v. *Buck*, 104 N. H. 199, 202. The defendants are correct in their contention that the Trial Court is not in a position to act on the motion for a new trial unless the case is remanded for that purpose. See *Maine Bonding & Cas. Co.* v. *Foundation Constructors*, 105 N. H. 470, 471. *Cf. Barton* v. *Plaisted*, 106 N. H. 117.

Whenever this court has been able to ascertain from briefs or oral arguments that a remand is necessary to complete the record or to prevent injustice, the case has been continued in this court and the remand has been allowed. *Maine Bonding & Cas. Co.* v. *Foundation Constructors, supra*. In the present case it cannot be determined that the probable merits of the plaintiffs' motion outweigh the delay and inconvenience to defendants by a continuance and a remand. *Barton* v. *Plaisted, supra*. Accordingly the plaintiffs' motion is denied without prejudice. See *Tuttle's Petition*, 80 N. H. 155, 157.

*Motion denied without prejudice.*

All concurred.