Carroll
No. 6955

CARROLL L. SHANNON v. ROY W. FOSTER & a.

July 31, 1975

*James J. Kalled,* by brief and orally, for the plaintiff.

*Wadleigh, Starr, Peters, Dunn & Kohls* and *James C. Wheat (Mr. Wheat* orally) for the defendants.

PER CURIAM. The procedural question presented by the defendants' motion to remand this case to the superior court prior to a hearing on the merits of the appeal is whether the issues argued by the plaintiff in his brief have been properly raised for adjudication. After reading the plaintiff's brief which was submitted to this court on April 25, 1975, the defendants moved to remand the case to the superior court, alleging that the "issues raised by the plaintiff were not appropriate issues for appeal based upon the matters litigated before the superior court." A hearing on the defendants' motion to remand was held before this court on July 1.

The factual background of the defendants' motion to remand began on November 11, 1966, when the plaintiff was injured as a result of his work as an employee of the defendant, Roy W. Foster. Workmen's compensation for total disability and expenses was paid by the Travelers Insurance Company from the date of the accident to November 16, 1970. *See* RSA 281:9 I (Workmen's Compensation Law: Securing Payment of Compensation). No compensation was paid to the plaintiff from November 16, 1970, to April 23, 1973, because of his alleged failure to appear at appointments for vocational rehabilitation. RSA 281:21-b (Supp. 1973) (Vocational Rehabilitation). Compensation for total disability has been paid by the defendant insurance company from April 23, 1973, to the present time.

The primary dispute between the parties has been whether the plaintiff was properly denied benefits from November 16, 1970, to April 23, 1973, under the provision of RSA 281:21-b (Supp. 1973) which provides that "[r]efusal to accept vocational rehabilitation pursuant to an order of the labor commissioner may result in loss of compensation for each week of the refusal if the commissioner so directs." The department of labor decided that workmen's compensation benefits were correctly denied for the period in dis-

pute, and the Trial Court *(Loughlin,* J.) sustained that determination. *See* RSA ch. 273 (Department of Labor); RSA 281:37 (Supp. 1973) (Workmen's Compensation Law: Hearings and Awards), :42 (Petition for Right to Appeal).

Plaintiff's brief is devoted in the main to the proposition that RSA 281:21-b (Supp. 1973) does not apply to awards of compensation initiated prior to its effective date, *i.e.* August 31, 1969. In their motion to remand the defendants maintain that since the applicability of RSA 281:21-b (Supp. 1973) was not argued before the trial court, the issue is an inappropriate one to be decided on appeal. The plaintiff contends that the case is now within the exclusive jurisdiction of the supreme court which precludes a remand.

"Whenever this court has been able to ascertain from briefs or oral argument that a remand is necessary to complete the record or to prevent injustice, the case has been continued in this court and the remand has been allowed." *Rautenberg v. Munnis,* 107 N.H. 446, 448, 224 A.2d 232, 233 (1966). The record in this case reveals that the applicability of RSA 281:21-b (Supp. 1973) was directly raised by the plaintiff's request for rulings of law No. 9 which the trial judge declined to rule upon since this "very intricate question of law . . . was never raised before the court at the time of hearing." Although the plaintiff's requests for rulings of law were submitted later than required by the superior court rules, the trial court expressly permitted the delay. *See* RSA 491:App. R. 67 (Supp. 1973) (Procedure During Trial). In the reserved case the trial court specifically reserved and transferred the plaintiff's exceptions to its failure to rule on the applicability of RSA 281:21-b (Supp. 1973). RSA 491:17 (Transfer of Cases); *see Verney Corporation v. Peterborough,* 104 N.H. 368, 370, 188 A.2d 50, 53 (1962); *Gosselin v. Lemay,* 85 N.H. 13, 18, 153 A. 716, 719 (1931).

Under these circumstances a remand is unnecessary. Nothing further of a factual nature could be adduced by the trial court to aid in deciding the purely legal question of the applicability of RSA 281:21-b (Supp. 1973). No injustice will flow from the denial of the motion to remand since both parties will have the opportunity to explore by written brief and by oral argument the issues which the trial court declined to decide.

*Motion to remand denied.*

DUNCAN, J., and GRIMES, J., did not sit.