Rockingham
No. 6999

### STATE OF NEW HAMPSHIRE
### BOARD OF REGISTRATION FOR LAND SURVEYORS

v.

### FRANK M. EMERY, JR.

July 31, 1975

*Warren B. Rudman,* attorney general, and *John L. Ahlgren,* assistant attorney general (*Mr. Ahlgren* orally), for the plaintiff.

*J. Christopher McGuirk (Mr. McGuirk* orally) and *Flynn, Powell, McGuirk & Blanchard* and *Stephen L. Tober* for the defendant.

PER CURIAM. The plaintiff petitioned the superior court in accordance with the provisions of RSA 319-A:25 (Supp. 1973) asking an injunction restraining the defendant from the practice of land surveying in the State of New Hampshire in violation of RSA ch. 319-A (Supp. 1973). The Trial Court (*Morris,* J.) found defendant in violation of RSA ch. 319-A (Supp. 1973) and permanently enjoined defendant from the practice of land surveying "until and unless he becomes registered as a land surveyor pursuant to the provisions of RSA 319-A (Supp. 1973)." The trial court reserved and transferred the defendant's exceptions.

Defendant's exceptions and the issues briefed by the parties concern the validity of RSA ch. 319-A (Supp. 1973) as it is applied to the defendant. However, because of certain events which are alleged to have occurred some months after the case was reserved and transferred to this court, it does not appear appropriate to determine the case upon the present state of the record.

Defendant's brief asserts that he took the land surveyor's qualify-

ing examination on June 1, 1974, and was notified in October of 1974 that he had qualified for certification as a surveyor in training. The defendant further states in his brief that he has returned his application and fee for such certification but that he still has not received his certificate. At the time of the trial in the superior court, the only facts before the court in relation to defendant's qualifications were that he was a registered professional engineer in New Hampshire, a licensed land surveyor in Maine, and that in 1971 he had failed the land surveyors examination in New Hampshire.

If the facts alleged by the defendant are correct, he may now be entitled to registration. This would dispose of the case since the injunction is terminable upon the defendant becoming "registered as a land surveyor in the State of New Hampshire pursuant to the provisions of RSA 319-A (Supp. 1973)." We therefore remand the case to permit the superior court to determine whether the new issues raised by defendant are material or dispositive of the case. *Caron v. Labrie,* 115 N.H. 20, 331 A.2d 155 (1975); *see Rautenberg v. Munnis,* 107 N.H. 446, 224 A.2d 232 (1966).

*Remanded.*