**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

In Case No. 2015-0257, <u>Sally A. Finan & a. v. Sheli Sokorelis & a.</u>, the court on January 8, 2016, issued the following order:

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendants, Sheli Sokorelis and William Willhoite (tenants), appeal an order of the Circuit Court (<u>DeVries</u>, J.), following a hearing, awarding judgment to the plaintiffs, Sally A. Finan, Richard Kenneth Atwood, and Judy L. Ducey (landlords), on their eviction action alleging a failure to pay rent. <u>See</u> RSA 540:2, II(a), :3-:5, :12 (2007 & Supp. 2015). The tenants argue that the trial court erred by: (1) awarding judgment on a ground other than failure to pay rent; and (2) not allowing them to raise the defense of retaliation, <u>see</u> RSA 540:13-a (2007).

It is a longstanding rule that parties are not entitled to judicial review of issues that they did not raise in the trial court. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). Nor will we review issues that were not raised in a notice of appeal. <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003); <u>Sup. Ct. R.</u> 16(3)(b). "We generally require issues to be raised at the earliest possible time because trial forums should have a full opportunity to come to sound conclusions and to correct errors in the first instance." <u>Cogswell Farm Condo. Ass'n v. Tower Group, Inc.</u>, 167 N.H. 245, 253 (2015) (quotation omitted). The trial court must have had the opportunity to consider any issues asserted on appeal; thus, any issues which could not have been presented to the trial court prior to its decision must be presented to it in a motion for reconsideration. <u>See</u> <u>N.H. Dep't of Corrections v. Butland</u>, 147 N.H. 676, 679 (2002). It is the burden of the appealing party to provide a record establishing that the issues raised on appeal were timely raised at trial. <u>See</u> <u>Bean</u>, 151 N.H. at 250.

With respect to whether the trial court erred by awarding judgment on a ground other than nonpayment of rent, we conclude that, even if the trial court relied upon a ground other than nonpayment of rent, the tenants failed to timely raise the issue in the trial court. The record reflects that, although the ground articulated in the eviction notices was the tenants' failure to pay rent, the trial court's order awarding judgment was on a preprinted form captioned, "**LANDLORD/TENANT ACTION FOR OTHER THAN NON-PAYMENT OF RENT NOTICE OF JUDGMENT**." Despite the caption, we note that the trial court

specifically found that the tenants were "in arrears" on their rent. The trial court issued the judgment by notice of decision dated March 27, 2015.

Pursuant to Rule 16(3)(b), the tenants assert that they preserved their argument that the judgment was awarded on a ground not articulated in the eviction notice in a post-trial motion to vacate the judgment. Such a motion should have been filed no later than seven days from March 27, 2015. See Dist. Div. R. 5.10(A). The tenants did not file their motion to vacate the judgment, however, until May 22, 2015, long after the deadline had passed, and nearly a month after they had already appealed to this court. The trial court correctly found that it lacked jurisdiction to rule on the motion. See Rautenberg v. Munnis, 107 N.H. 446, 447 (1966) (as a general rule, perfection of appeal divests trial court of jurisdiction over subject matter of the proceedings); see also RSA 540:20 (2007) (providing that prior to appeal, trial court retains exclusive jurisdiction over the case, but that after appeal is filed, it retains jurisdiction only to collect rent). Because the tenants, by filing their motion after jurisdiction had vested in this court, effectively deprived the trial court of an opportunity to correct its alleged error, we conclude that they failed to preserve their argument that the trial court erred by awarding judgment on a ground other than nonpayment of rent. See Butland, 147 N.H. at 679.

With respect to whether the trial court erred by not allowing the tenants to raise the defense of retaliation, we agree with the landlords that the issue was not articulated in the notice of appeal. See Blackmer, 149 N.H. at 49. Even if the tenants had raised the issue in the notice of appeal, however, we likewise agree with the landlords that the defense was not available to the tenants under RSA 540:13-a because the tenants owed the landlords more than one week's rent, and because the alleged retaliation fell outside of the parameters of a retaliation claim under RSA 540:13-a.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

2