# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

### In Case Nos. 2015-0398, <u>Juliet Ermitano v. Jennifer Brigham</u>, and 2015-0533, <u>Jennifer Brigham v. Juliet Ermitano</u>, the court on August 22, 2016, issued the following order:

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

In these consolidated appeals, the tenant, Jennifer Brigham, appeals orders of the Circuit Court (<u>Barry</u>, J.): (1) evicting her for nonpayment of rent under the terms of a residential lease, <u>see</u> RSA 540:2, II(a), :13 (2007); (2) denying her counterclaim brought pursuant to RSA chapter 540-A (2007 & Supp. 2015); (3) awarding the landlord, Juliet Ermitano, the statutory maximum of $1,500 in unpaid rent, <u>see</u> RSA 540:13, III; and (4) dismissing her post-eviction RSA chapter 540-A action. We construe the tenant's brief to argue that the evidence compelled rulings in her favor, and that the trial court erred by not allowing her to prove her claims.

The record contains evidence establishing the following relevant facts. On August 8, 2014, the parties entered into a one-year lease for a residence in Manchester requiring the tenant to pay $260 per week in rent and fees. Throughout the fall and early winter of the lease term, the tenant did not consistently pay rent. In September 2014, the tenant sent the landlord a letter identifying several alleged deficiencies with respect to the property, and at some point she complained to the City of Manchester concerning the property.

On January 29, 2015, the tenant filed a petition pursuant to RSA chapter 540-A, alleging that the property was infested with rodents, that the building had no heat, and that the electricity was faulty. At a hearing on the petition, the parties "agreed to get all problems within the home fixed and in working order," and to dismiss the case without prejudice to the tenant re-filing it if the landlord did not make the necessary repairs. In accordance with the agreement, the case was dismissed.

On April 12, 2015, the landlord served a demand for unpaid rent of $6,129, and an eviction notice. The tenant did not pay the demanded rent, and the landlord filed an eviction action. The tenant filed a counterclaim, asserting that the landlord had "done nothing" to repair the issues she had raised in her original RSA chapter 540-A action. The tenant also filed a motion

for a hearing in her original RSA chapter 540-A action, asserting that the property was infested with rodents, that the landlord had not adequately repaired the heating system, and that the electricity was faulty.

At a hearing on May 12, 2016, the trial court considered the eviction action, the tenant's counterclaim, and the motion for a hearing in the original RSA chapter 540-A action. The landlord testified that the tenant had last paid rent on January 10, 2015, and that she owed $7,117 in unpaid rent. With respect to the alleged deficiencies, the landlord testified that she had addressed all outstanding issues, and she submitted receipts for the work she had done. The tenant countered that the apartment still had mice and electrical problems, and that, although the heat had been repaired, the entire apartment did not have heat until April. With respect to unpaid rent, the tenant testified that the landlord had not credited her for certain expenditures she had made with respect to the property. She admitted, however, that she would owe the landlord $4,026 in unpaid rent "if the apartment was habitable." On May 22, 2015, the trial court granted the eviction, awarded the landlord judgment in the amount of $1,500 plus costs of $126, and denied the tenant's counterclaim. In a separate order, the trial court denied the tenant's motion for a hearing in the original RSA chapter 540-A action. The tenant appealed the order in the eviction action on June 29, 2015.

On June 4, 2015, the tenant filed a second RSA chapter 540-A action, alleging that the landlord had not repaired the property in accordance with the parties' earlier agreement, that the trial court had believed the landlord and not her in the eviction, that certain doors did not shut or lock, and that the property was infested with rodents. At a hearing on the petition, the tenant submitted a letter from an electrician dated June 17, 2015, representing that he had not done certain work on the apartment. When the landlord questioned the authenticity of the letter and claimed that an April 15, 2015 receipt from the electrician established that the work had been done, the trial court continued the hearing and required that the electrician be available to testify.

The hearing reconvened on July 31, 2015. Although the electrician was not available to testify at it, the tenant asserted that she had a notarized letter from him that would corroborate that he had not made necessary repairs to the apartment. The tenant also admitted, however, that she was "alleging the same things that [she had] alleged in the hearing that [the trial court] had on the eviction proceedings," and that "during the eviction proceeding, [the trial court had] listened to [her] 540-A complaints and [had] denied [her] counterclaim as part of that proceeding." The tenant further admitted that she had appealed the order in the eviction action, and that the appeal was then pending. The trial court dismissed the second RSA chapter 540-A action, concluding that it was barred by collateral estoppel. The tenant appealed, and we subsequently consolidated that appeal with her appeal in the eviction action.

2

We will uphold the trial court's findings and rulings unless they lack evidentiary support or are erroneous as a matter of law. Cook v. Sullivan, 149 N.H. 774, 780 (2003). It is within the province of the trial court to accept or reject whatever evidence is presented, and we defer to the trial court's judgment on issues such as resolving conflicts in testimony, assessing the witnesses' credibility, and determining the weight of the evidence presented at trial. Id. We do not consider whether we would have ruled differently than the trial court ruled, but rather whether a reasonable person could have reached the same decision as the trial court based upon the same evidence. Id.

In this case, there is more than sufficient evidence in the record for a reasonable person to have found that the landlord addressed the problems with the leased premises in accordance with the February 2015 agreement, that the property was habitable, that the landlord did not willfully violate RSA chapter 540-A, and that the tenant had defaulted on her rent obligation in an amount that exceeded the $1,500 that the trial court awarded. To the extent the tenant argues that the trial court did not allow her to prove her claims, the record contradicts the argument. The trial court provided the tenant with ample opportunity to prove her claims at the eviction hearing, and expressly rejected her claims in denying her counterclaim. As the tenant herself asserted in her second RSA chapter 540-A petition, the trial court simply believed the landlord's testimony over her own testimony. Making this credibility determination was well within the trial court's authority. See id.

Finally, in light of the tenant's concession that the claims she was asserting in the second RSA chapter 540-A action were identical to those the trial court had rejected when it denied her counterclaim, we conclude that the trial court did not err by dismissing the second RSA chapter 540-A action. Given the tenant's pending appeal of the eviction order, the trial court would have been without jurisdiction to reconsider its decision to deny the RSA chapter 540-A counterclaim. See Rautenberg v. Munnis, 107 N.H. 446, 447-48 (1966). Moreover, as the trial court observed, "[t]he issues and facts in the . . . petition were previously litigated and determined in the [tenant's] counterclaim." Because we are affirming the trial court's order in the eviction action, that order is now a final decision on the merits precluding the tenant from relitigating the facts and issues determined by it. See Cook, 149 N.H. at 778.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

3