# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0529, <u>Robert L. Benjamin v. Vatche Manoukian & a.</u>, the court on June 20, 2018, issued the following order:**

Having considered the brief and reply brief, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

Defendant Linda Haytayan appeals orders of the Superior Court (<u>Ignatius</u>, J.) denying the defendants' motions to review a periodic payment order, and finding them in contempt with respect to their obligations to satisfy the order.[1]  We construe her brief to argue that the trial court erred by: (1) reviewing trial court orders in other cases involving the defendants, allegedly in violation of <u>Sup. Ct. R.</u> 38, Canon 2.9(C), and not recusing itself and granting them a new hearing on that basis; (2) finding that there had been no change in circumstances warranting a modification to the periodic payment order, and not relying upon the defendants' claims and evidence to the contrary; (3) finding that the defendants are not credible, basing its credibility determination in part upon representations and claims they had made in prior proceedings in this case, and allegedly favoring counsel for the plaintiff; (4) finding the defendants in contempt, requiring that they make certain lump sum payments to purge themselves of the contempt, stating that it would order them incarcerated if they failed to make those payments, and requiring that they continue to make their periodic payments; (5) denying the defendants' second motion to review the periodic payment order, which they filed ten days after the trial court had denied their first motion, on grounds that they had not established good cause or alleged that a change of circumstances had occurred since the hearing on the prior motion, and relying upon <u>Super. Ct. R.</u> 51(j) for the principle that it would not consider the serial motion absent good cause; and (6) granting a request to seal a medical record submitted by defendant Manoukian, but allowing counsel for the plaintiff to view the record.  With respect to the last issue, we conclude that Haytayan lacks standing to raise it.

At the outset, we note that, to the extent Haytayan challenges the trial court's reliance upon orders in other cases on the basis that such reliance

---

[1] Defendant Vatche Manoukian also appealed the trial court's orders.  Subsequent to the appeal, however, he filed a bankruptcy petition with a United States Bankruptcy Court and, thus, the appeal was stayed as to him.  <u>See</u> 11 U.S.C. § 362(a)(1) (2012).  Accordingly, this order pertains only to defendant Haytayan.

constituted improper factual investigation for purposes of Canon 2.9(C), the record reveals that the defendants first raised the propriety of considering those orders in a motion for recusal that they filed more than two months <u>after</u> they filed the present appeal.  The trial court denied the motion on mootness grounds because the trial judge who had issued the orders in this appeal was no longer assigned to that superior court location and, thus, would no longer be presiding over this case.  At no point did Haytayan move to stay the present appeal so that the trial court could consider the post-appeal recusal motion.  Nor did she appeal the trial court's order denying the recusal motion on mootness grounds and move to consolidate that appeal with the present appeal.  Under these circumstances, we conclude that Haytayan failed to preserve any argument that the trial court erred by considering the orders in the other cases, and by not disqualifying itself on that basis.  <u>See</u> <u>Fox v. Town of Greenland</u>, 151 N.H. 600, 604 (2004) (stating that disqualification issues must be raised at earliest possible time); <u>see</u> <u>also</u> <u>N.H. Dep't of Corrections v. Butland</u>, 147 N.H. 676, 679 (2002) (holding that appellant failed to preserve issue that she could not have been expected to raise until the trial court issued its order because she failed to raise it in a timely motion for reconsideration); <u>cf</u>. <u>Rautenberg v. Munnis</u>, 107 N.H. 446, 447 (1966) (noting that, once an appeal is taken, the trial court generally lacks jurisdiction over the subject matter of the decision from which the appeal was taken).

Even if Haytayan had timely raised her arguments concerning the trial court's consideration of orders issued in other cases, we would conclude that the arguments, under the circumstances of this case, lack merit.  The trial court may generally take judicial notice of judicial decisions issued in other matters.  <u>See</u> <u>N.H. R. Ev.</u> 201(b)(1); <u>see</u> <u>also</u> <u>Getty Petroleum Marketing v. Capital Terminal Co.</u>, 391 F.3d 312, 324 (1st Cir. 2004).  Here, the record reflects that the parties submitted pleadings and evidence regarding one of the two cases cited by the trial court, and with respect to the other case, although the court cited it in a footnote addressing whether Manoukian had been involved with a particular foreclosure purchase of property he had once owned — a point that was discussed at the hearing — the court ultimately concluded that it lacked sufficient evidence to make such a finding.  To the extent Haytayan argues that the trial court was generally biased against her and in favor of the plaintiff, we have reviewed the record in this case, and we cannot conclude either that a reasonable person would have questioned Judge Ignatius's impartiality, or that any factors that would have <u>per</u> <u>se</u> disqualified Judge Ignatius were present.  <u>See</u> <u>State v. Bader</u>, 148 N.H. 265, 268-71 (2002).

With respect to the remaining issues, we note that it was within the discretion of the trial court to accept or reject, in whole or in part, the evidence presented, to evaluate the credibility of the parties, and to determine the weight of the evidence presented.  <u>Cook v. Sullivan</u>, 149 N.H. 774, 780 (2003).  Indeed, the trial court was not required to accept even uncontested evidence.  <u>In the Matter of Geraghty & Geraghty</u>, 169 N.H. 404, 416 (2016).  As the appealing

party, Haytayan has the burden of demonstrating reversible error.  <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's well-reasoned orders, Haytayan's challenges to them, the relevant law, and the record submitted on appeal, we conclude that Haytayan has not demonstrated reversible error.  <u>See</u> <u>id</u>.

<u>Affirmed</u>.

Lynn, C.J., and Hicks, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**
