**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2019-0358, <u>In the Matter of Stephanie Ncala and Ntate Ncala</u>, the court on June 17, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Stephanie Ncala (mother), appeals orders of the Circuit Court (<u>Cross</u>, R., approved by <u>DeVries</u> and <u>Steckowych</u>, JJ.) ruling on post-final-divorce-decree cross-petitions for contempt and to modify a parenting plan and child support order, and denying her motion for reconsideration.  The mother argues that the trial court erred by modifying the parties' 2012 stipulated parenting plan pursuant to RSA 461-A:11, I(i) (2018), on the basis that the allocation of parenting time in the parenting plan was based, at least in part, on the young ages of the parties' children, because: (1) RSA 461-A:11, I(i) did not exist in 2012 and, thus, its application violates Part I, Article 23 of the State Constitution; (2) the respondent, Ntate Ncala (father), did not establish that an "explicit provision" of the 2012 parenting plan "allow[ed] for modification of the parenting schedule because of the children's young ages"; (3) the evidence did not establish that the 2012 parenting schedule was based in whole or in part on the children's young ages; (4) by relying on RSA 461-A:11, I(i), the trial court allegedly "assumed a fact . . . not in evidence"; and (5) the father allegedly did not plead RSA 461-A:11, I(i) as a basis to modify the parenting plan.  The mother further argues that the trial court erred by applying $4,800 of child support that the father has paid in excess of his child support obligation since 2012 to his share of the children's uninsured medical expenses because: (1) he did not include that request for relief in his pleadings; and (2) the relief allegedly violates RSA 458-C:7, III (2018).  The mother additionally argues that the trial court erred by declining to address whether the children should continue to attend private school, and instead requiring the parties first to attempt to reach agreement on the issue in counseling, because the 2012 uniform support order required the father to pay half the cost of the private education, and because the father allegedly did not request a change of school in his pleadings.  Finally, the mother argues that the trial court erred by modifying the holiday and vacation schedule in the 2012 parenting plan because the father allegedly did not request such relief.  The father counters, in part, that these arguments are not preserved.

It is a longstanding rule that parties may not have appellate review of issues that they did not raise in the trial court. Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004). It is the burden of the appealing party, in this case the mother, to demonstrate that she raised each of her issues in the trial court, and to cite specifically where in the record she raised the issues. Id.; Sup. Ct. R. 16(3)(b). "The trial court must have had the opportunity to consider any issues asserted by the appellant on appeal; thus, to satisfy this preservation requirement, any issues which could not have been presented to the trial court prior to its decision must be presented to it in a motion for reconsideration." McDonough v. McDonough, 169 N.H. 537, 545 (2016); see also Fam. Div. R. 1.26(F) ("To preserve issues for an appeal to the Supreme Court, an appellant must have given the Court the opportunity to consider such issues; thus, to the extent that the Court, in its decision, addresses matters not previously raised in the case, a party must identify any alleged errors concerning those matters in a motion [for reconsideration] to preserve such issues for appeal.").

In her brief, the mother cites her motion for reconsideration as the only trial court pleading in which she raised each of her arguments concerning the court's application of RSA 461-A:11, I(i). We have reviewed the motion for reconsideration, and agree with the father that nowhere in it did the mother argue that: (1) the trial court was prohibited from applying the statute because it was not in effect in 2012; (2) the father was required, and failed, to cite an "explicit provision [of the 2012 parenting plan] allowing for modification of the parenting schedule because of the children's young ages"; (3) by relying on RSA 461-A:11, I(i), the trial court erroneously "assumed a fact . . . not in evidence"; or (4) the trial court could not rely upon RSA 461-A:11, I(i) because the father had not pleaded the statute as a basis for relief and, thus, the trial court's reliance upon it caused her unfair surprise. Indeed, we note that in her request for findings of fact and rulings of law, the mother specifically cited and quoted RSA 461-A:11, I(i), and then requested findings of fact, which the trial court denied, asserting that the 2012 parenting schedule was not based upon the children's young ages and, thus, that the 2012 allocation of parenting time was still in the children's best interests. Under these circumstances, we conclude that the mother's only argument concerning the trial court's reliance upon RSA 461-A:11, I(i) that is preserved is her argument that the evidence does not support the trial court's finding that the 2012 parenting plan was based, at least in part, upon the children's young ages.

Nor did the mother argue in her motion for reconsideration that: (1) the trial court could not apply the father's $4,800 overpayment of child support toward his obligation to pay half of the children's uninsured medical expenses, or modify the vacation and holiday schedule, because the father had not included requests for such relief in his pleadings;[1] (2) application of the $4,800

---

[1] We recognize that, at the evidentiary hearing, the mother testified that the father had not included the overpayment of child support "in his first motion with the Court," and that during

overpayment of child support to the father's obligation to pay for half the children's uninsured medical expenses violated RSA 458-C:7, III; or (3) the trial court was required to address the dispute over whether the children should continue to attend private school because the 2012 uniform support order required the father to pay half the cost of private education, and because the father had not requested a change of school in his pleadings. These are arguments that, under the circumstances, should have been brought to the trial court's attention in the mother's motion for reconsideration in order to preserve them for appellate review.[2]  Accordingly, they are not preserved.

We reject the mother's argument that the evidence did not support the trial court's finding that the 2012 parenting schedule was based, in part, on the children's young ages. We will uphold this finding if it could reasonably have been made on the evidence presented. In the Matter of Kempton & Kempton, 167 N.H. 785, 792 (2015). We view the evidence in the light most favorable to the father. See Walker v. Walker, 158 N.H. 602, 608 (2009).

The father testified that when the parties were married and the children were young, they decided that the mother would stay home with the children and that he would work. Thus, he testified that the children had never attended daycare. At the time that the trial court approved the parenting plan in January 2012, the children were three and four years old, respectively, and the older child had begun school in 2011. By the time of the hearing in this case, the children were almost eleven and twelve years old, and were in the fifth and sixth grades. The parenting plan provided that, as the children grew older, "their individual interests may impact the parenting schedule," and that the parents were to be "flexible in making reasonable adjustments to the parenting schedule as the needs and interests of their maturing children require." Upon

---

her cross-examination of the father, she asked whether he had "put in [his] petition that [he] thought that the money that [he] had overpaid should be a wash," and when he responded that he could not recall, she asked whether he "would agree that [the mother] hadn't been put on notice that there was any overpayment," to which he disagreed. These brief testimonial exchanges are not sufficient to put the trial court on notice of the mother's legal argument that its subsequent application of the overpayment to the uninsured medical expenses was erroneous as a matter of law because such relief had not been properly pleaded. Indeed, we note that during the mother's direct examination, she specifically testified that she was "okay with" applying "the overpayment . . . towards the medical bills."

[2] We note that, in her brief, the mother cites only her notice of discretionary appeal as the portion of the record in which she preserved these arguments; she cites no trial court pleading for this purpose. Rule 16(3)(b) requires the appealing party to "make specific reference to the volume and page of the transcript where the issue was raised and where an objection was made, or to the pleading which raised the issue." A notice of appeal is the document required to initiate an appeal from an adverse trial court decision with this court, and its filing generally divests the trial court of continuing jurisdiction over the matter. See Sup. Ct. R. 7; Rautenberg v. Munnis, 107 N.H. 446, 447-48 (1966). It is not a "pleading" sufficient to bring the trial court's purported error to its attention so as to give it an opportunity to correct the purported error.

3

this evidence, the trial court reasonably could have determined that the parenting schedule was based, at least in part, upon the children's young ages, and their need, at that time, for the mother's continued provision of childcare.

Any remaining arguments in the mother's brief are either insufficiently developed, State v. Blackmer, 149 N.H. 47, 49 (2003), or otherwise do not require further discussion, Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**