# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0146, <u>In re Estate of Elaine Dominic; In re Estate of Reginald J. Dominic</u>, the court on December 15, 2020, issued the following order:**

Having considered the brief, other filings, and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  See <u>Sup. Ct. R.</u> 18(1).  Steven Dominic, administrator of the estates of Elaine Dominic and Reginald J. Dominic (estates), appeals orders of the Circuit Court (<u>Leonard</u>, J.) closing the estates and denying his motion for reconsideration.  We affirm.

The pertinent facts are as follows.  On February 11, 2020, the trial court held a status conference, "inquir[ing] into the status of Mr. Dominic's long promised intent to file third party actions as administrator" of the estates.  The administrator informed the trial court that, among other things, he intended to file a petition with the court "to determine whether a durable power of attorney for health care with advance directive was valid or was it fraudulently originated" by the former attorney for Elaine Dominic and her estate, as well as a complaint in superior court alleging unspecified claims.

Following the status conference, the trial court issued an order in which the court observed that, in a prior order, it had given the administrator sixty days from September 3, 2019, to file an action against third parties on behalf of the estates, but that he had failed to do so.  The trial court also observed that "both estates have been open for a number of years, and it is not inclined to leave them open for an unspecified additional amount of time to await further unspecified third party actions to be filed," and noted that the only assets belonging to the estates were advances from the administrator in the total amount of $6,000.  Accordingly, the trial court ordered that the estates would "remain open for purposes of initiating actions against third-parties . . . until February 28, 2020," and that, if no actions were filed by that date, the estates would be closed upon receipt of a final account, then due by March 6, 2020.  The trial court noted, however, that its order was "without prejudice to the filing of a <u>Petition to Reopen</u> by Steven Dominic for the limited purposes of filing actions against third parties as a creditor."

The administrator moved for reconsideration, informing the trial court that, in September 2019 and November 2019, he had filed, on behalf of the estates, two consumer complaints with the New Hampshire Banking Department.  The

administrator reiterated that he still intended to file a complaint in superior court, but also stated that he no longer intended to file a petition relative to whether the durable power of attorney for health care had been fraudulently procured.  In light of the consumer complaints and the promised superior court action, he asked the trial court to allow the estates to remain open.  The trial court denied the motion, observing that the administrator had "not filed copies of, or adequately described, the nature and substance of his 'consumer complaint,'" but reiterating that the administrator may seek to reopen the estates for the limited purpose of filing actions against third parties, and that he should attach copies of such proposed filings to any such petition.

On appeal, the administrator raises numerous challenges to the trial court's orders.  Primarily, the claims focus on allegations of fraud, conspiracy, conflicts of interest, and other wrongdoing on the part of the estates' former counsel, the trial judge and a former presiding trial judge, and other representatives of the circuit court.  Specifically, however, with regard to the trial court's orders closing the estates, the administrator argues that the trial court failed to account for the two consumer complaints, as well as two complaints that he filed on behalf of the estates in April 2020 and August 2020 in the United States District Court for the District of New Hampshire, after he had filed his notice of appeal with this court.  See Rautenberg v. Munnis, 107 N.H. 446, 447-48 (1966) (stating that the filing of an appeal generally deprives the trial court of jurisdiction over the subject matter of the proceedings).

Our standard of review of a circuit court probate division decision is governed by statute: "The findings of fact of the judge of probate are final unless they are so plainly erroneous that such findings could not be reasonably made." RSA 567-A:4 (2019).  Accordingly, "we will not disturb the probate division's decree unless it is unsupported by the evidence or plainly erroneous as a matter of law." Hodges v. Johnson, 170 N.H. 470, 480 (2017).  Additionally, "[o]n appeal, we consider only evidence and documents presented to the trial court." Lake v. Sullivan, 145 N.H. 713, 717 (2001).

As the appealing party, the administrator has the burden of demonstrating reversible error.  Gallo v. Traina, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's orders, the administrator's challenges to them, the relevant law, and the record submitted on appeal, we conclude that the administrator has not demonstrated reversible error.  See id.  Further, to the extent the administrator argues that Judge Leonard should have disqualified herself, we cannot conclude, based upon this record, either that a reasonable person would have questioned Judge Leonard's impartiality, or that any factors

2

that would have <u>per</u> <u>se</u> disqualified her were present.  <u>See</u> <u>State v. Bader</u>, 148 N.H. 265, 268-71 (2002).

<u>Affirmed</u>.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**