# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0271, <u>In the Matter of Bryanna Breed and Kevin Breed</u>, the court on February 1, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The petitioner, Bryanna Breed, appeals the final decree entered by the Circuit Court (<u>Garner</u>, J.) in her divorce from the respondent, Kevin Breed. We affirm.

The trial court has broad discretion in fashioning a final divorce decree. <u>In the Matter of Spenard & Spenard</u>, 167 N.H. 1, 3 (2014). We will not overturn the trial court's decision absent an unsustainable exercise of discretion. <u>Id</u>. To establish an unsustainable exercise of discretion, the petitioner must demonstrate that the trial court's decision was clearly untenable or unreasonable to the prejudice of her case. <u>In the Matter of Peirano & Larsen</u>, 155 N.H. 738, 750 (2007). We "determine only whether there is an objective basis sufficient to sustain the discretionary judgment made." <u>In the Matter of Kempton & Kempton</u>, 167 N.H. 785, 803 (2015). "Our standard of review is not whether we would rule differently than the trial court, but whether a reasonable person could have reached the same decision as the trial court based upon the same evidence." <u>Id</u>. at 799.

We will not disturb the trial court's factual findings unless they are unsupported by the evidence or legally erroneous. <u>In the Matter of Nyhan and Nyhan</u>, 147 N.H. 768, 770 (2002). Moreover, "we defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence." <u>Cook v. Sullivan</u>, 149 N.H. 774, 780 (2003). "If the court's findings can reasonably be made on the evidence presented, they will stand." <u>In the Matter of Letendre & Letendre</u>, 149 N.H. 31, 36 (2002).

Based upon our review of the trial court's final divorce decree, including the parties' final parenting plan, the petitioner's arguments, the relevant law, and the record submitted on appeal, we conclude that the petitioner has not demonstrated reversible error. <u>See</u> <u>Sup. Ct. R.</u> 25(8).

We observe that, in her brief, the petitioner asks that the respondent's visitation be supervised, that he be subject to random drug tests, and that she be awarded sole decision-making authority for the parties' children, based on evidence allegedly contained within a USB drive. With her brief, the petitioner submitted a motion asserting that she had filed the USB drive and other "print

out evidence" with the trial court, and requesting permission to "submit as evidence with [her] brief" such evidence. We granted the motion in part, ordering the trial court to "transfer to this court any USB drive filed by" the petitioner there, but denying the motion as to any "print out evidence" that the petitioner may have filed in the trial court, noting the petitioner's responsibility to provide any such evidence in an appendix under Rule 13. In response to our order, the trial court transferred two USB drives that the petitioner had filed with it, but noted that she had filed both drives <u>after</u> she had already filed this appeal, and that, because the case had been appealed, and because the USB drives did not pertain to a collateral or subsidiary matter, it had not reviewed either drive. See <u>Rautenberg v. Munnis</u>, 107 N.H. 446, 447-48 (1966) (stating that, once a case is appealed, the trial court lacks authority to act with respect to the case other than with respect to collateral, subsidiary, or independent matters affecting it).

"On appeal, we consider only evidence and documents presented to the trial court." <u>Flaherty v. Dixey</u>, 158 N.H. 385, 387 (2009). Although the petitioner presented the USB drives to the trial court, she did so after she had already appealed, and the trial court therefore properly declined to review them. See <u>Rautenberg</u>, 107 N.H. at 447. Because the trial court has not reviewed the USB drives, we, too, have not reviewed them in issuing this order. Having upheld the trial court's final decree, the petitioner may now seek directly from the trial court whatever relief she may be entitled to based upon the content of the USB drives and any other evidence she may have submitted to the trial court after she filed this appeal.

<u>Affirmed</u>.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**