NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

10th Circuit Court-Portsmouth Family Division
Case No. 2022-0304
Citation: In the Matter of Rourke & Rourke, 2024 N.H. 9

IN THE MATTER OF ALEXANDRA ROURKE AND SEAN ROURKE

Argued: March 28, 2023
Opinion Issued: February 15, 2024

Primmer Piper Eggleston & Cramer PC, of Manchester (Doreen F. Connor on the brief and orally), for the petitioner.

Shaheen & Gordon, P.A., of Nashua (Andrew J. Piela on the brief and orally), for the respondent.

BASSETT, J.

[¶1] The petitioner, Alexandra Gamble (Mother) f/k/a Alexandra Rourke, appeals the order of the Circuit Court (Pendleton, J.) modifying the parties' parenting plan. See RSA 461-A:11, I(g) (2018). Because we determine that the court sustainably exercised its discretion in modifying the parenting plan pursuant to RSA 461-A:11, I(g), and did not violate Mother's procedural due process rights, we affirm.

[¶2] The trial court found, or the record supports, the following facts. Mother and the respondent, Sean Rourke (Father), are divorced and have three

children.  On September 13, 2019, the trial court approved a final parenting plan, including an addendum.  The addendum states, "At this time, [Mother] is living in the NH Seacoast area and [Father] is living primarily in Costa Rica."  It goes on to state, "The parties intend to exercise a flexible schedule based on [Father's] time in the Seacoast and in Costa Rica."  The addendum provides that if the parties do not agree on a schedule, "[d]uring the months that [Father] is in the NH Seacoast Area," he would be entitled to "at least one weeknight dinner/after school visit per week, and at least two weekends per month."  The addendum also declares that Father would be entitled to at least three non-consecutive weeks with the children in Costa Rica during their school vacations or summer breaks.

[¶3] In April 2021, Father filed a petition to bring forward and modify the parenting plan.  In the petition, Father stated that after the agreed parenting plan was established, he decided not to reside in Costa Rica, instead residing in Rye, New Hampshire, in close proximity to Mother's Kittery, Maine residence.  Father cited RSA 461-A:11, I(g) as a statutory basis for modification, arguing that "[g]iven both parties' expected residences at the time of divorce (Rye and Costa Rica) have changed (Kittery and Rye), as well as the distances between them . . . it would be in the children's best interests to modify the parenting schedule."  At a hearing on the petition, Mother argued that because the plan contemplated Father living in both the Seacoast area and Costa Rica, there was not a substantial change in circumstances when he chose to live primarily in the Seacoast area.

[¶4] On May 3, 2022, the trial court issued an order ruling that Father met his burden under RSA 461-A:11, I(g) to modify the parenting plan.  The court noted that the parenting plan was premised on Father living primarily in Costa Rica and "was not written contemplating that [Father] was living full time in Rye, New Hampshire."  The court also found the plan did "not serve the children's best interest given that both parents live locally."  The court rejected both parties' proposed modifications and instead issued a modified final parenting plan of its own creation providing, among other things, that the children would be with Father on Mondays and Tuesdays, Mother on Wednesdays and Thursdays, and with the parents on alternating weekends.  The order's notice of decision issued on May 4.

[¶5] On May 19, Mother filed a motion for late entry of a motion to reconsider and an untimely motion to reconsider.  Fam. Div. R. 1.26(F).  On May 31, the trial court granted the motion for late entry, with the notice of decision issuing on June 2.  On June 1, Mother filed a Rule 7 discretionary appeal.  Sup. Ct. R. 7(1)(B).  On June 10, the trial court largely denied Mother's motion to reconsider.  We accepted Mother's appeal on July 21.

[¶6] On appeal, Mother argues: (1) the trial court erred when it modified the parenting plan based on RSA 461-A:11, I(b) and (h) without providing her

notice or an opportunity to present evidence on those grounds in violation of her State and Federal procedural due process rights; (2) Father did not meet his burden to modify the parenting plan under RSA 461-A:11, I(g); and (3) the court erred when it made additional changes to the parenting plan that were not in Father's petition, thereby depriving her of meaningful notice of the potential changes in violation of her State and Federal procedural due process rights.

[¶7] Father counters that Mother's appeal should be dismissed in its entirety because none of the issues are preserved for appellate review. Alternatively, Father argues that Mother's due process arguments are unpreserved for lack of development within her motion to reconsider. Preservation issues aside, Father argues that the court correctly interpreted the parenting plan when it ruled that modification was appropriate under RSA 461-A:11, I(g).

[¶8] As an initial matter, we consider Father's preservation arguments. In arguing that Mother's entire appeal is unpreserved, Father relies on Rautenberg v. Munnis, 107 N.H. 446 (1966), for the proposition that "[a]s a general rule the perfection of an appeal divests the Trial Court of jurisdiction of the cause and transfers it to the appellate court." Rautenberg, 107 N.H. at 447. Father asserts that because Mother filed an appeal in this court while her motion to reconsider was pending in the trial court, the trial court was divested of jurisdiction to rule on the motion. Father argues that Mother's appellate arguments are unpreserved because they are entirely embraced by her jurisdictionally infirm motion to reconsider. We disagree.

[¶9] This court has consistently held that we will not consider issues raised on appeal that were not presented in the trial court. Vention Med. Advanced Components v. Pappas, 171 N.H. 13, 27 (2018). This principle applies to legal issues that arise after trial as a result of the court's order. Id. To satisfy this preservation requirement, any issues which could not have been presented to the trial court prior to its decision must be presented to it in a motion for reconsideration. Id.

[¶10] Father's reliance on Rautenberg is misplaced. In Rautenberg, after the plaintiffs' appeal from a decree of the superior court was docketed in this court, the plaintiffs filed a motion in the trial court for a new trial on the basis of newly discovered evidence. Rautenberg, 107 N.H. at 447. In this court, the plaintiffs moved to remand the appeal. Id. We stated, "the Trial Court is not in a position to act on the motion for a new trial unless the case is remanded for that purpose." Id. at 448. Implicit in this statement is the conclusion that upon the perfection of the appeal, absent a remand, the trial court was divested of jurisdiction to rule on the motion for a new trial. See id. at 447.

3

[¶11] Here, Mother's filing of a notice of appeal on June 1 did not divest the trial court of jurisdiction.  On the previous day, May 31, the trial court had granted Mother's motion for late entry of her motion for reconsideration.  At that point, the motion for reconsideration became pending and, until it was ruled on, there was no "decision on the merits" from which to appeal.  See Sup. Ct. R. 7(1)(B) and (C) (noting that the definition of "decision on the merits" "includes decisions on motions made after an order, verdict, opinion, decree or sentence").  The trial court's ruling on the motion for reconsideration on June 10 was the "decision on the merits" for purposes of an appeal under Supreme Court Rule 7(1)(B).  On July 21, we accepted the case.  See Jesurum v. WBTSCC Ltd. P'ship, 169 N.H. 469, 482 (2016) (a premature filing of an appeal when a motion for reconsideration was pending did not deprive the trial court of jurisdiction from ruling on the motion).

[¶12] Although Mother's due process arguments under the State Constitution are unpreserved due to lack of development, see In the Matter of Hampers & Hampers, 154 N.H. 275, 291 (2006) (finding that a reference to "due process" in the petitioner's motion for reconsideration "was insufficient to preserve a claim under the State Constitution"), we find that she has preserved her arguments under the Federal Constitution.  See State v. Burke, 153 N.H. 361, 363 (2006) ("We have never held that a party's failure to include a citation to a specific provision of the Federal Constitution precludes appellate review.").  We now turn to the merits of Mother's appeal.

[¶13] Mother argues that Father did not meet his burden to modify the parenting plan under RSA 461-A:11, I(g) based on a change in residency because the plan envisioned he might reside in New Hampshire and/or Costa Rica and it provided visitation for both locations.  In support of her argument, Mother points to the language of the plan, as well as testimony at the hearing, reflecting that at the time the plan was executed, Father was actually living in New Hampshire and not Costa Rica.  We conclude that the trial court's decision to modify the parenting plan pursuant to RSA 461-A:11, I(g) was a sustainable exercise of discretion.

[¶14] We will not overturn a trial court's modification of an order regarding parenting rights and responsibilities unless it clearly appears that the trial court unsustainably exercised its discretion.  In the Matter of Summers & Summers, 172 N.H. 474, 478-79 (2019).  This means that we review only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made, and we will not disturb the trial court's determination if it could reasonably have been made.  Id. at 479.  The trial court's discretion necessarily extends to matters such as assigning weight to evidence and assessing the credibility and demeanor of witnesses.  Id. Conflicts in the testimony, questions about the credibility of witnesses, and the weight assigned to testimony are matters for the trial court to resolve.  Id.  The

4

trial court's factual findings are binding upon this court if they are supported by the evidence and are not legally erroneous. Id.

[¶15] Our standard of review is not whether we would rule differently than the trial court, but whether a reasonable person could have reached the same decision as the trial court based upon the same evidence. Id. We will not substitute our judgment for that of the trial court. Id. Nor will we reweigh the equities. Id.

[¶16] RSA 461-A:11, I, grants a court authority to modify a permanent order concerning parental rights and responsibilities if it finds one of the specified predicate circumstances. In the Matter of Kelly & Fernandes-Prabhu, 170 N.H. 42, 47 (2017); RSA 461-A:11, I. The trial court ruled that Father met his burden under RSA 461-A:11, I(g) to modify the parenting plan. RSA 461-A:11, I(g) provides, "If one parent's allocation of parenting time was based in whole or in part on the travel time between the parents' residences at the time of the order and the parents are now living either closer to each other or further from each other by such distance that the existing order is not in the child's best interest." RSA 461-A:11, I(g). The court noted that the parenting plan was premised on Father living primarily in Costa Rica and "was not written contemplating that [Father] was living full time in Rye, New Hampshire." The court said that "[e]vidence does not support [Mother's] argument that the current Parenting Plan contemplated the current situation with both parties living in the Seacoast region. The Parenting Plan contemplated [Father] being transient when in the Seacoast, recognizing he would primarily be in Costa Rica."

[¶17] We conclude that the trial court's factual findings are supported by the evidence and are not legally erroneous. The record establishes an objective basis sufficient to sustain the trial court's decision to modify the parenting plan. Accordingly, we conclude the trial court sustainably exercised its discretion when it modified the parenting plan pursuant to RSA 461-A:11, I(g).

[¶18] Next, Mother argues that the trial court violated her procedural due process rights when it modified "the parenting plan based upon [RSA 461-A:11, I(b) and I(h)] . . . as these grounds were not pled by Father, thus depriving Mother of notice at a 'meaningful time.'" RSA 461-A:11, I(b) permits modification:

> If the court finds repeated, intentional, and unwarranted interference by a parent with the residential responsibilities of the other parent, the court may order a change in the parental rights and responsibilities without the necessity of showing harm to the child, if the court determines that such change would be in accordance with the best interests of the child.

5

RSA 461-A:11, I(b). RSA 461-A:11, I(h) permits modification: "If one parent's allocation or schedule of parenting time was based in whole or in part on his or her work schedule and there has been a substantial change in that work schedule such that the existing order is not in the child's best interest." RSA 461-A:11, I(h).

[¶19] We disagree with the premise of Mother's argument that the trial court modified the parenting plan based on RSA 461-A:11, I(b) and (h). We begin by reviewing the trial court's order. In its order, the trial court noted that the petition to modify referenced RSA 461-A:11, I(d) and (g), but observed that "[f]acts pled in the pleading also implicated (b) and to a lesser degree (h)." The court observed that the parenting plan "was primarily based upon an assumption that [Father] would be living in Costa Rica a large part of the time, thus implicating [RSA 461-A:11, I(g)]."

[¶20] The court found "sufficient evidence to meet [Father's] burden under [RSA 461-A:11, I(g)] to modify the Parenting Plan, at a minimum." The court went on to discuss reasons why the parenting plan did not serve the children's best interests, observing that "[t]he lack of detail in the current Parenting Plan leaves [Mother] subject to [RSA 461-A:11, I(b)] challenges relating to claims of 'repeated, intentional and unwarranted interference by a parent with the residential responsibilities of the other parent.'" The court "agree[d] with [Father] that section [461-A:11, I(g)] of the modification statute does [apply]." The court "recognize[d] that an argument could be made that [Father] was going to be working in Costa Rica primarily, but is now working in the Seacoast area. See RSA 461-A:11, I(h)." The court noted that this argument was not raised by Father, "but facts were elicited to cause the Court to consider its application."

[¶21] We hold that the trial court did not base its decision to modify the parenting plan on RSA 461-A:11, I(b) and (h). Rather, the court found that Father met his burden to modify the parenting plan under RSA 461-A:11, I(g). It is plain from the record that Father pled RSA 461-A:11, I(g) as a statutory ground to modify the parenting plan and that Mother contested that pleading. As only one statutory factor had to be proven to lawfully modify the plan, see RSA 461-A:11, I, it is of no moment that the trial court referenced and considered other, unpled, statutory factors in its order. Accordingly, the court's references to RSA 461-A:11, I(b) and (h) in its order do not violate Mother's procedural due process rights.

[¶22] Finally, Mother also argues that the trial court violated her procedural due process rights in making changes to the parenting plan that were not sought in Father's petition. The trial court modified the existing parenting plan, inter alia, omitting provisions found in the prior plan relating to medical treatment and changing a provision relating to vacation time. We conclude that the trial court had statutory authority to make these

6

modifications.  RSA 461-A:11, I, grants a court authority to modify a permanent order concerning parental rights and responsibilities if it finds one of the specified predicate circumstances.  Kelly, 170 N.H. at 47.  The statute does not limit the provisions of the permanent order that may be modified once the court finds that a statutory predicate circumstance is satisfied.  See RSA 461-A:11, I.  Therefore, we conclude that Mother received adequate notice that the trial court could modify other aspects of the permanent order beyond modifications to the routine schedule sought by Father.  Accordingly, we hold that the trial court's modifications to the permanent order do not violate Mother's procedural due process rights.

Affirmed.

MACDONALD, C.J., and HANTZ MARCONI and DONOVAN, JJ., concurred; HICKS, J., sat for oral argument but did not participate in the final vote, see N.H. CONST. pt. II, art. 78.