**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2023-0181, <u>K.A. v. D.A.</u>, the court on October 1, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See</u> <u>Sup. Ct. R.</u> 20(2).  The defendant, D.A., appeals an order of the Circuit Court (<u>Rauseo</u>, J.) granting a request by the plaintiff, K.A., to extend a domestic violence final order of protection.  <u>See</u> RSA 173-B:5, VI (2022).  The defendant raises numerous issues on appeal.  We affirm.

We briefly summarize the procedural history of this appeal.  The defendant filed his notice of appeal on March 29, 2023, the day before the scheduled hearing on the trial court's <u>ex parte</u> February 24, 2023 order extending for one year a protective order that was in effect through February 25, 2023.  <u>See</u> RSA 173-B:5, VI.  The trial court reasonably understood the defendant's appeal to divest it of continuing jurisdiction, prompting the court to cancel the hearing.  <u>See</u> <u>Rautenberg v. Munnis</u>, 107 N.H. 446, 447 (1966).  On August 30, 2023, the defendant filed his brief in this court, raising numerous issues that could not be properly addressed without a fully-developed factual record.  On October 20, 2023, we remanded the case to the trial court for a hearing, as required by RSA 173-B:5, VI, to allow for the creation of a fully-developed factual record and to enable us to address the defendant's issues within the context of his case.  We retained jurisdiction over the appeal.  The trial court held a hearing on November 16, 2023, and on November 28, 2023, issued an order extending the domestic violence protective order.  A transcript of the hearing was filed with this court on April 24, 2024.

On June 10, 2024, the defendant identified additional issues that arose post-remand.  On July 8, 2024, we allowed the defendant thirty days to file a supplemental brief addressing those issues as well as any issues remaining from case number 2023-0602, which we dismissed as moot without prejudice to his raising any argument presented in that appeal through supplemental briefing in this appeal.  The defendant did not file a supplemental brief within the time allowed.  Accordingly, we deemed the defendant to have waived supplemental briefing.  We now consider the issues raised in the defendant's initial brief based upon the record submitted on appeal in this case, including the transcript of the remand hearing and the trial court's November 28, 2023 order.

We construe the defendant's brief to argue that the record does not support the trial court's finding that there was "good cause" to extend the protective order. See MacPherson v. Weiner, 158 N.H. 6, 10 (2008) (defining "good cause" in the context of stalking order extension). "For a showing of 'good cause' the trial court must . . . assess whether the current conditions are such that there is still a concern for the safety and well-being of the plaintiff." Id. In its assessment, the trial court must review the circumstances giving rise to the original protective order and any violation of the order. See id. "The trial court should also take into account any present and reasonable fear by the plaintiff." Id. "Where the trial court determines that the circumstances are such that, without a protective order, the plaintiff's safety and well-being would be in jeopardy, 'good cause' warrants an extension." Id.

In its November 28, 2023 order, the trial court expressed concern that the defendant still fails to understand that his behavior on November 3, 2019, which was the basis for the initial domestic violence protective order, constituted abuse as defined in RSA 173-B:1, I (2022). The court also expressed concern that the defendant continues to attempt to litigate the issue, more than three years after we upheld the trial court's decision granting the initial protective order. The trial court found that the defendant's failure to understand that his behavior on November 3, 2019, constituted abuse "would cause a person of ordinary sensibilities, at whom his conduct was directed, to fear for his or her safety and well-being."

"The trial court is in the best position to view the current circumstances, as well as the defendant's prior acts, and determine whether an extension is necessary for the safety and well-being of the plaintiff." MacPherson, 158 N.H. at 11. The trial court found that, without a protective order, "there is a substantial risk that [the defendant] will engage in similar behavior that resulted in the issuance of the initial protective order." Accordingly, the court found that the defendant "continues to pose a present credible threat to [the plaintiff's] safety," warranting an extension of the protective order. Based upon this record, we conclude that the trial court could have reasonably found good cause to extend the protective order, see MacPherson, 158 N.H. at 10-11, and that the court sufficiently stated its reasons for granting the extension, see RSA 173-B:5, VI.

The initial protective order had been previously extended for one year. RSA 173-B:5, VI provides that, upon a showing of good cause, a protective order may be extended for up to five years after the expiration of the first extension, "at the request of the plaintiff and the discretion of the court." Although the plaintiff requested a five-year extension, the trial court extended the protective order to December 30, 2026, a period of approximately three years, "[b]ased upon [the defendant's] continued failure to understand the abuse he engaged in on November 3, 2019." We conclude that the trial court

sustainably exercised its discretion in extending the protective order to December 30, 2026.  See MacPherson, 158 N.H. at 10.

We decline to address the defendant's remaining issues because they are either inadequately briefed, see State v. Blackmer, 149 N.H. 47, 49 (2003), not preserved, see Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250-51 (2004), beyond the scope of this appeal, or rendered moot by the trial court's removal of a restriction the defendant challenges.

Affirmed.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**

3